UNITED STATES, Appellee,

v.

Anthony J. DeGROCCO, Operations Specialist Seaman, U.S. Navy, Appellant.

No. 52,797.

NMCM 84 4431.

U.S. Court of Military Appeals.

Jan. 5, 1987.

For Appellant: *Major Michael E. Canode*, USMC and *Lieutenant Gary K. Van Meter*, JAGC, USNR (on petition).

For Appellee: *Captain Carl H. Horst*, JAGC, USN and *Lieutenant Robert G. Sosnowski*, JAGC, USNR (on petition); *Commander Michael P. Green*, JAGC, USN.

### Opinion of the Court

PER CURIAM:

Appellant was convicted by special court-martial, military judge alone, of an unauthorized absence of over 3 years' duration, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886, and sentenced to perform hard labor without confinement for 30 days, to be reduced to pay grade E-1, and to be discharged with a bad-conduct discharge. The convening authority approved this sentence, and the Court of Military Review (Coughlin, J., dissenting) affirmed the findings and sentence in an unpublished opinion dated February 12, 1985.

We granted appellant's petition for review (21 M.J. 389) to determine whether he suffered substantial prejudice when the convening authority took action on his case prior to the expiration of the time granted an accused to submit matters for the convening authority's consideration. *See* R.C.M. 1107(b)(2), Manual for Courts-Martial, United States, 1984. Finding no harm in this case, we affirm.

Appellant was tried on October 5, 1984. The record of trial was served on trial defense counsel on November 13, 1984. However, the record of trial also reflects that counsel examined an unauthenticated copy of the record of trial on October 15, 1984. There is no indication appellant desired to submit any matters to the convening authority for the latter's consideration prior to action or to preserve any issue for further review. The convening authority acted on November 15, 1984.

The Manual for Courts-Martial, United States, 1984, grants an accused who has been convicted by a special court-martial in which a bad-conduct discharge has been adjudged the right to submit additional information to the convening authority within 30 days after the sentence has been announced or within 7 days after he has been served with a copy of the record of trial, "whichever is later." R.C.M. 1105(c)(1).[1] The Manual also requires the convening authority to hold action on the record in abeyance until he (1) receives such matters, (2) an accused waives the right to make such a submission, or (3) the time periods set forth in R.C.M. 1105(c) have run. R.C.M. 1107(b)(2). As the action of the convening authority (whether or not he is authorized to exercise general court-martial jurisdiction) is now the only field review of these cases, such a submission is clearly crucial to the accused should he desire sentence or other relief. App. 21, Analysis to R.C.M. 1105, Manual, *supra. See* S.Rep. No. 53, 98th Cong., 1st Sess. 7, 18 (1983); H.R.Rep. No. 549, 98th Cong., 1st Sess. 18, 19 (1983), *reprinted in* 1983 U.S. Code Cong. & Ad. News 2177, 2184, 2185. In this case the convening authority was required to wait until November 20, 1984, before acting on the record.

Such post-trial submissions under the Manual differ greatly from either a brief under Article 38(c), UCMJ, 10 U.S.C. § 838(c), or the response to the review of the staff judge advocate contemplated by *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975). The latter documents were directed to the convening authority in his judicial role, and the matters contained in such submission could be effectively weighed by another judicial body—namely, the Court of Military Review. The convening authority is now limited to the exercise of clemency, and the action he takes is solely a matter of his discretion. Accordingly, consideration by a Court of Military Review will not suffice, despite the broad factfind-

1. The accused may request that the record be served on his counsel. R.C.M. 1104(b)(1)(C).

ing and sentence-appropriateness powers of that tribunal.[2]

■ We agree, however, with the Court of Military Review that, to warrant reversal, an accused must make some showing that he would have submitted material to the convening authority if that officer had not acted prematurely on his case. *See United States v. Skaar*, 20 M.J. 836, 840 (N.M.C.M.R. 1985) (*en banc*).[3] Such a showing should include an offer of proof as to the nature of the material which would have been submitted. *See United States v. Diamond*, 18 M.J. 305 (C.M.A. 1984), and *United States v. Bab-*

*cock*, 14 M.J. 34 (C.M.A. 1982). The failure to make any such submission will be treated as a waiver. *Cf. United States v. Goode, supra.* DeGrocco has made no showing that he would have presented any material to the convening authority beyond the record. Therefore, the granted issue is without merit.

■ The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.[4]

Judge SULLIVAN did not participate.

---

**2.** *Compare United States v. Diamond*, 18 M.J. 305 (C.M.A. 1984); and *United States v. Babcock*, 14 M.J. 34 (C.M.A. 1982), *with United States v. Siders*, 15 M.J. 272, 274 n. 3 (C.M.A. 1983).

**3.** We note that Judge Coughlin who dissented herein, joined Judge Mitchell's opinion in *United States v. Skaar*, 20 M.J. 836, 841 (N.M.C.M.R. 1985) (en banc). His dissent was grounded in the fact that the majority looked only to the four corners of the record in determining whether appellant had suffered substantial harm. Judge Mitchell correctly perceives that an appellate

court may examine many other factors in determining whether a case should be returned to the convening authority. *Id.* at 840.

**4.** We are not unmindful that in any case where an appellate court imposes a waiver of some right, the specter of inadequate assistance of counsel is raised. Of course, if defense counsel fail to exercise due diligence in performing their post-trial duties, *see United States v. Palenius*, 2 M.J. 86 (C.M.A. 1977), we shall take suitable action upon review.