UNITED STATES, Appellee,

v.

Sergeant Mark A. McCLELLAND, 203–54–8471, United States Army, Appellant.

ACMR 8701012.

U.S. Army Court of Military Review.

4 March 1988.

For Appellant: Major Russell S. Estey, JAGC, Major Eric T. Franzen, JAGC, Captain Lorraine Lee, JAGC, Captain Stephanie C. Spahn, JAGC, Captain Jon W. Stentz, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before HOLDAWAY, De GIULIO and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

CARMICHAEL, Judge:

Appellant asserts that the record of trial fails to reflect service of the staff judge advocate's (SJA) post-trial recommendation on his trial defense counsel. Our review of the record leads us to the contrary conclusion.

First, paragraph 7 of the post-trial recommendation states that the recommendation was served on the defense counsel. Second, a memorandum in the record, signed by a noncommissioned officer in the Criminal Law Division of the SJA's office, states that the trial defense counsel waived submission of post-trial matters. Thus, we find that the record not only reflects service of the recommendation on appellant's counsel, but establishes conclusively that counsel elected not to respond to the post-trial recommendation. The allegation of error is without merit.

However, appellant makes a belated personal assertion that his trial defense counsel was ineffective in representing him after the trial. In conjunction with this latter claim, we have considered a sworn statement from appellant's trial defense counsel. It is apparent from the statement that counsel is responding to the issue of whether or not he was served with the post-trial recommendation, not to an attack on his post-trial effectiveness. Regardless, the trial defense counsel remembers very little

1. We do not say this in a critical vein. Since the defense counsel was requested to provide a statement more than five months after comple-

of what occurred after his client's trial ended.[1] He does not "believe" that the SJA's recommendation was served on him. Further, he does not remember discussing the subject of post-trial submissions with the noncommissioned officer who signed the memorandum indicating that he had affirmatively waived the submission of post-trial matters. And although it was his practice to do so, trial defense counsel cannot recall discussing post-trial matters with appellant. Finally, he "cannot say for sure, but ... vaguely remember[s] submitting a clemency petition" because appellant's sentence was "disproportionate" to that of a co-accused. In the last analysis, judging by his sworn statement, trial defense counsel simply does not recall what occurred after appellant's trial ended. Balanced against his inability to remember is a record of trial containing explicit statements—statements prepared in the normal course of post-trial processing—that the SJA's post-trial recommendation was served on him and that he affirmatively waived the submission of post-trial matters.

What, then, is the basis for appellant's belief that his trial defense counsel did not effectively represent him after the trial? None is stated. We have appellant's bald assertion together with his defense counsel's sworn statement. Applying an objective standard of reasonableness, the evidence falls far below what is needed to show inadequate representation. Ineffective assistance of counsel is not an allegation which implies professional derelictions of a minor nature. Rather, it indicates a defense counsel whose overall representation was so flawed that the reliability of the trial result is called into question. See United States v. Scott, 24 M.J. 186, 188 (C.M.A.1987) (accused must show a " 'serious incompetency' which affected the trial result" in order to prevail on an ineffective assistance of counsel claim). As we stated in United States v. Guerrero, 25 M.J. 829, 831 (A.C.M.R.1988), "[a]n appel-

tion of the trial, it is not surprising that he cannot specifically recall his post-trial actions on behalf of appellant.

lant must show that the representation considered as a whole was so seriously deficient as to deny him effective counsel within the meaning of the sixth amendment." (Citation omitted.) Were the standard otherwise, few counsel could withstand the result-oriented scrutiny of "twenty-twenty hindsight" at the appellate level without a challenge to their effectiveness. In the instant case, a lack of specific recall on the part of defense counsel does not equate to ineffective post-trial representation. We agree with appellate government counsel that examination of the record establishes that the trial defense counsel effectively represented appellant before, during, and after the trial. Accordingly, we find no merit in appellant's personal claim.

Surprisingly, whether the SJA's post-trial recommendation has been served on the trial defense counsel is an issue frequently litigated before this court. It should not be. Most staff judge advocates avoid this potential problem by using formatted "certificates of service." These forms are completed and signed by a member of the SJA's office to reflect the specific date of service on the designated trial defense counsel. Once completed, the form is included in the record as part of the allied papers.

We recognize that neither the Manual for Courts–Martial nor military decisional law requires a separate form as proof of service of the post-trial recommendation.[2] The adoption of such a form by staff judge advocates Army-wide, however, would all but eliminate allegations that the trial defense counsel was not served with a copy of the post-trial recommendation, or that the convening authority acted on the case before expiration of the time permitted defense counsel to submit post-trial matters.

We therefore commend the adoption of this type of "certificate of service" form to all staff judge advocates.[3]

The approved findings of guilty and the sentence are affirmed.

Senior Judge De GIULIO concurs.

Chief Judge HOLDAWAY took no part in the decision of this case.

**2.** The discussion of Rule for Courts–Martial [hereinafter cited as R.C.M. or Rule] 1106(f)(1), Manual for Courts–Martial, United States, 1984 (service of recommendation), states that "[t]he method of service and the form of the proof of service are not prescribed and may be by any appropriate means." (Citation omitted.)

**3.** Rule 1106(f)(5) states:
Counsel for the accused shall be given 10 days from service of the record of trial under

R.C.M. 1104(b) or receipt of the [post-trial] recommendation, whichever is later, in which to submit comments on the recommendation. The convening authority may, for good cause, extend the period in which comments may be submitted for up to 20 additional days.
Rule 1104(b) prescribes procedures governing the service of a record of trial once it has been authenticated. *See also* R.C.M. 1105 (matters submitted by the accused).