UNITED STATES, Appellee,

v.

Specialist Four Ernest B. JOHNSON,
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, United States
Army, Appellant.

ACMR 8700744.

U.S. Army Court of Military Review.

25 March 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Brian D. DiGiacomo, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain George R. Gillette, JAGC (on brief).

Before HOLDAWAY, De GIULIO,
and CARMICHAEL, Appellate Military
Judges.

OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by general court-martial composed of officer and enlisted members. In accordance with his pleas, he

was found guilty of conspiracy to escape from confinement, absence without authority, escape from confinement, wrongful use of cocaine and marijuana, wrongful distribution of cocaine, wrongful possession of cocaine, and robbery. He was sentenced to a dishonorable discharge, confinement for fifteen years, forfeiture of all pay and allowances and reduction to Private E–1. Pursuant to a pretrial agreement, the convening authority reduced the confinement to thirteen years and six months, but otherwise approved the sentence.

Appellant alleges that the military judge erred in not striking testimony of witnesses in aggravation because their opinions of appellant's rehabilitation potential were based solely on the severity of the charged offenses. Appellant further alleges that he was deprived of his post-trial rights because his civilian defense counsel was not given the opportunity to respond to the staff judge advocate's post-trial recommendation. We find no error and affirm.

■ During the sentencing portion of the trial, the prosecution presented three witnesses who testified that, based upon their observations of appellant and his conviction, they did not believe he should be retained in the unit. One witness further stated that appellant should not be retained in the Army. Two of the witnesses testified appellant had been an "adequate" to "good" soldier prior to the offenses. The military judge denied a motion *in limine* to preclude, and a subsequent motion to strike, this testimony. He stated,

> [R]ealizing there may be a problem in the government having the witnesses fully articulate the basis for their opinion as to the accused's potential for rehabilitation without getting into possible uncharged misconduct, I am satisfied that the period of time the witnesses have known the accused would be sufficient for them to state their opinion as to his retainability based upon his duty performance as well as the number and nature of the offenses

of which he's been convicted. The sufficiency of the basis for such an opinion goes to the weight to be given the opinion and may be attacked by the defense on cross-examination, but I would allow the witnesses to state their opinion as to the accused's potential for rehabilitation ...

Appellant cites *United States v. Horner*, 22 M.J. 294 (C.M.A.1986), to support his allegation that permitting the witnesses' testimony was error. We believe that *Horner* can be distinguished from the case before us. In *Horner*, after being asked whether the accused had rehabilitation potential, the witness responded, "I don't think he should be allowed to stay in the Army." *Id.* at 295.[1] On cross-examination the witness explained that "... appellant['s] lack of] rehabilitation potential was based solely on the fact that drugs had been distributed. *Specifically the ... [witness] felt that no one who distributed drugs should be retained in the service, '[r]egardless of the characteristics of the individual involved.'" Id.* (emphasis added). The Court held that the comments were inappropriate because they were not based upon any assessment of the accused's character and rehabilitation potential, but upon the witness' view of the severity of the offense. *Id.* at 296. Unlike the accused in *Horner* who was found guilty of one offense, appellant was found guilty of seven offenses which occurred over a period of several months. Further, unlike *Horner*, here the witnesses did not testify that, in their opinion, a person convicted of any of the offenses should be discharged from the service.

We do not believe that *Horner* precludes a witness from testifying that in his opinion there is little or no rehabilitation potential for an accused who has been found guilty of several serious offenses committed over an extended period of time. Under these circumstances, we hold that the military judge did not err by permitting the testimony.

---

1. We note that the witnesses' answers in the case before us, as in *Horner*, were not responsive. However, in the case before us, there was no objection on that basis. We advise caution in this area since Judge Cox, writing for the Court in *Horner*, adopts a more expansive definition of rehabilitation potential than encompassed by restoration to duty. *Id.* at 296.

■ The remaining assignment of error concerns the submission of post-trial matters by trial defense counsel. Appellant was represented at trial by civilian counsel and detailed military counsel. On 19 June 1987, the staff judge advocate completed his recommendation.[2] On 2 July 1987, the detailed military counsel responded to the recommendation in a document entitled, "Submission Under Rule for Courts–Martial 1106." The response is essentially a request for clemency. Attached to the submission is a letter to the convening authority requesting clemency. On 13 July 1987 the convening authority took action. During appellate review, this court admitted an affidavit of civilian counsel stating that, although he had not been served with the record of trial, he deposited in the mail a Rule for Courts–Martial 1106(f) [hereinafter R.C.M. or Rule] response to the staff judge advocate's recommendation on 1 or 2 July 1987. This court also admitted, as an appellate exhibit, a document entitled "1106 Response" which alleges improper use of evidence of rehabilitation potential,[3] alleges appellant is entitled to three for one day pretrial confinement credit and alleges the sentence should be reduced.

Manual for Courts–Martial, United States, 1984 [hereinafter M.C.M., 1984], R.C.M. 1107(b)(3)(A)(iii), provides that a convening authority shall not take action in a case until after he considers matters submitted by an accused under the provisions of R.C.M. 1105 or 1106(f). Where the accused is represented by multiple counsel, the accused may, at trial, or in writing to the staff judge advocate before the recommendation has been served, designate which counsel will be served. R.C.M. 1106(f)(2). In the discussion to Rule 1106(f)(2), it is suggested that military judges inquire of the accused and counsel

before the end of trial as to who will act for the accused under the rule. Of course, R.C.M. 1106(f) is based upon *United States v. Goode*, 1 M.J. 3 (C.M.A.1975) and subsection (f)(2) of the rule, which specifies who is to be served with the recommendation, is based upon *United States v. Robinson*, 11 M.J. 218, 223 n. 2 (C.M.A.1981). M.C.M., 1984, Analysis of R.C.M. 1106(f), App. 21, A21–73. In *Robinson*, Chief Judge Everett, writing for the Court, stated,

> [T]ypically, when civilian counsel appears in a court-martial, he functions as lead counsel and, therefore, should be served with the review.[4] *However, where the military defense counsel, too, has participated during the trial and has been served with the review, we have assumed—absent clear indication to the contrary—that this occurred with civilian counsel's consent.* [citations omitted].

*Robinson*, 11 M.J. at 223, n. 2.

It has been held that where the appointed defense counsel has not been excused from the proceedings and he continues to participate in the trial, he remains part of the defense team and, absent evidence to the contrary, it may be presumed that he could properly submit comments or rebuttal to the post-trial review. *United States v. Jeanbaptiste*, 5 M.J. 374, 377 n. 4 (C.M.A. 1978).

■ In the case before us, both civilian and detailed counsel were present throughout the trial. Unfortunately, the military judge did not determine on the record which counsel would be served with the recommendation. Further, the staff judge advocate served the recommendation on the detailed counsel rather than, as required by R.C.M. 1106(f)(2), the civilian

---

**2.** The recommendation contains the *pro forma* paragraph which states, "[T]his recommendation has been served on the defense counsel in accordance with R.C.M. 1106(f), MCM, 1984. If the defense counsel submitted a response, it is attached at Tab A for your consideration." The use of this *pro forma* statement has resulted in numerous allegations of error at the appellate level. Use of procedures in *United States v. McClelland*, 25 M.J. 903, 905 (A.C.M.R.1988), which suggest use of a certificate of service,

would assist in alleviating those problems. In the case before us, the recommendation apparently was served on detailed defense counsel. It is not clear whether the recommendation was served on civilian defense counsel.

**3.** The allegation of error initially discussed in this opinion.

**4.** Under the provision of M.C.M., 1984, R.C.M. 1106, the recommendation replaced the review.

counsel. Detailed counsel, however, responded to the recommendation. In addition, appellant must have acquiesced in the response by detailed defense counsel since his letter to the convening authority was attached to the response. Finally, detailed defense counsel failed to inform the staff judge advocate that an error had been made in service of the recommendation. Under the circumstances of this case, we hold that he had an obligation to do so. We further hold that service of the post-trial recommendation on the detailed defense counsel, who was a participant in appellant's trial, rather than civilian counsel constituted service on the defense. Consequently, the convening authority properly relied on the detailed counsel's submission as that of the defense team in taking his action.

The allegations of error, to include those personally raised by appellant, are without merit. The findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.