**UNITED STATES, Appellee,**

v.

**Sergeant James A. SNOBERGER, 570–06–0857, United States Army, Appellant.**

**ACMR 8700242.**

U.S. Army Court of Military Review.

29 June 1988.

 

OPINION OF THE COURT

De GIULIO, Senior Judge: *

The appellant was tried by a military judge sitting as a general court-martial. Contrary to his pleas, he was found guilty of sodomy with a child under the age of sixteen. He was sentenced to a dishonorable discharge, confinement for seven years, and reduction to Private E–1. Pursuant to a pretrial agreement, the convening authority approved a dishonorable discharge, confinement for three years, and reduction to Private E–1.

The appellant asserts a number of alleged errors, all of which we find to be without merit. Several allegations of error concern appellant's confessional stipulation. It is alleged that the military judge erred by accepting appellant's stipulation because it does not "practically amount" to a confession under Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 811 [hereinafter M.C.M., 1984, and R.C.M., respectively]. The appellant also alleges that the military judge should not have accepted the stipulation where appellant introduced evidence to resolve remaining issues on the merits. In addition, appellant alleges that the military judge failed to resolve certain matters which were inconsistent with the confessional stipulation.

Initially, appellant attempted to plead guilty to the charged offenses. During the providence inquiry the military judge found, however, that the appellant raised a possible mental responsibility defense and rejected the plea. Expressing a strong desire to plead guilty and apparently in an effort to save a very favorable pretrial agreement, trial defense counsel made several proposals which would allow appellant to enter pleas of guilty. Because of the relatively narrow scope of Article 45(a), Uniform Code of Military Justice, 10 U.S.C. § 845 (1982) [hereinafter UCMJ], with regard to the providence of pleas, the military judge rejected the defense proposals

For appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Kathleen A. Vanderboom, JAGC, Captain Lida A.S. Savonarola, JAGC (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Joseph P. Falcone, JAGC (on brief).

* Senior Judge Anthony P. De Giulio took final action in this case prior to his reassignment.

but suggested the use of a confessional stipulation.[1]

Subsequently, appellant entered into a pretrial agreement with the convening authority whereby appellant agreed to enter into a confessional stipulation in exchange for the convening authority's promise to approve a sentence no greater than a dishonorable discharge, confinement for three years, and reduction to Private E–1.[2] At trial, appellant entered pleas of not guilty. Pursuant to the pretrial agreement, the stipulation was offered admitting all the facts of the offense.[3] Before admitting the stipulation, the military judge conducted the inquiry required by *United States v. Bertelson*, 3 M.J. 314 (C.M.A.1977). The appellant presented evidence concerning lack of mental responsibility, but was found guilty by the military judge.

We find appellant's assertions of error relating to the confessional stipulation to be without merit.

Rule for Courts–Martial 811 sets forth the procedures for stipulations. The discussion to R.C.M. 811(b) states that a judge should not accept a stipulation of fact which amounts to a complete defense to any charged offenses nor, if a plea is outstanding, should he accept one which practically amounts to a confession except as described in the discussion of subsection (c) of the Rule. Subsection (c) provides,

> A stipulation practically amounts to a confession when it is the equivalent of a guilty plea; that is, when it establishes, directly or by reasonable inference, every element of a charged offense and when the defense does not present evidence to contest any potential remaining issue on the merits. Thus, a stipulation which tends to establish, by reasonable inference, every element of a charged offense does not practically amount to a confession if the defense contests an issue go-

ing to guilt which is not foreclosed by the stipulation.

M.C.M.1984, R.C.M. 811(c) discussion [hereinafter R.C.M. 811(c) discussion].

■ Confessional stipulations have been permitted to avoid waiving certain issues by pleading guilty while saving the parties the time and expense of a full trial when the accused's guilt, as a practical if not a legal matter, is conceded. *See* M.C.M., 1984, Analysis of Rule for Courts–Martial 1001, App. 21, A21–44. Based upon *Bertelson*, 3 M.J. at 314, these stipulations can only be received, however, where the military judge ascertains from the accused that he understands the right not to stipulate; that the stipulation will not be accepted without the accused's consent; that the accused understands its contents and effect; that a factual basis exists for the stipulation; and that the accused, after consulting with counsel, consents to the stipulation. Further, if an agreement exists in connection with the stipulation, the military judge must ascertain the terms of that agreement. *See* R.C.M. 811(c) discussion.

We see no reason why the "confessional rule" should not apply to the case before us. Here, appellant entered a guilty plea which was rejected because of the issue of mental responsibility. Although the evidence of his guilt was overwhelming and his defense of insanity relatively weak, a requirement for the entry of a plea of not guilty was mandated by Article 45(a), UCMJ. By use of the confessional stipulation, appellant was able to fully litigate the issue which prevented him from entering pleas of guilty; and, at the same time, preserve his pretrial agreement from which he ultimately received a substantial benefit. Further, the military judge made appropriate inquiries of appellant and his counsel concerning the stipulation before ruling that it was admissible.

---

1. This court generally discourages military judges from entering the pretrial negotiation arena. *See United States v. Caruth*, 6 M.J. 184 (C.M.A.1979).

2. This was the same limitation on punishment that was contained in the agreement involving the pleas of guilty which were previously rejected by the military judge.

3. As part of the agreement, the convening authority agreed to withdraw the other two specifications alleging sodomy if the confessional stipulation were accepted.

Having received the benefit of his bargain, appellant should not now be heard to complain that the procedures he proposed in his pretrial agreement were prejudicial. We hold appellant's stipulation was confessional in nature and was properly accepted in evidence by the military judge.

The appellant further contends that his trial defense counsel was ineffective because he failed to present exculpatory evidence which would have supported the civilian psychologist's diagnosis that appellant suffered from schizophrenia and did not commit the offense. He also alleges that counsel was ineffective in causing appellant to enter into a confessional stipulation because there is no evidence to corroborate appellant's confessions to sodomy with his step-daughter.

At trial, defense counsel presented evidence that appellant was not mentally responsible at the time of the offense because he was schizophrenic. While testifying in support of lack of mental responsibility, a psychologist suggested in his testimony that appellant had not actually committed the acts of sodomy, but that they were delusions. Countering this testimony was the finding of a sanity board, consisting of two psychiatrists and a psychologist, that appellant did not suffer from schizophrenia and that, although he was a pedophile and had a severe personality disorder, he was mentally responsible at the time of the offense. In addition, in a post-trial affidavit, trial defense counsel gave sound tactical reasons for the manner in which he presented appellant's case.

■ A strong presumption exists that counsel's conduct falls within a wide range of reasonable professional assistance. The appellant must overcome the presumption that the challenged conduct was *not* sound trial strategy. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984); *United States v. Peek,* 24 M.J. 750 (A.C.M.R.1987), *petition denied,* 25 M.J. 255 (C.M.A.1987). Applying *Strickland* to the case before us, we find that appellant has failed to overcome the strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance. We find that appellant was not deprived of a fair and just trial. *See Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. We hold, therefore, that trial defense counsel provided effective representation within the meaning of the *Strickland* test.

■ The appellant alleges that the military judge erred by failing to grant administrative credit for pretrial confinement from 19 December 1986 to 2 February 1987 in the absence of any evidence of record that the government complied with the procedural requirements of R.C.M. 305(h) and (i). We find this issue was waived by the defense's failure to raise it at trial. *See United States v. Ecoffey,* 23 M.J. 629 (A.C. M.R.1986).

■ The appellant also alleges that the convening authority's failure to receive pretrial legal advice from a staff judge advocate regarding referral of charges to trial rendered the general court-martial without jurisdiction. It was error to refer a charge to a general court-martial without a pretrial advice. However, adhering to the recent precedent of our high military court, the error must be tested for actual prejudice under Article 59(a), UCMJ. *See United States v. Murray,* 25 M.J. 445 (C.M. A.1988). Here, we find appellant made every effort to plead guilty. Failing in that, he tenaciously pursued a similar course of action by offering a confessional stipulation in exchange for a ceiling upon any sentence adjudged. All members of the chain of command recommended trial by general court-martial. No defense motion was made to protest the absence of the pretrial advice prior to appellant's pleas and no mention was made of the omission in defense counsel's post-trial submission. We hold, therefore, that the error was harmless. *See Murray,* 25 M.J. at 449.

The appellant alleges that he was substantially prejudiced by the staff judge advocate's failure to serve the addendum to the post-trial recommendation on trial defense counsel.

In response to the staff judge advocate's recommendation that the sentence be ap-

proved, the defense responded with a comment that treatment was more appropriate than confinement. In his response to the defense's comments, the staff judge advocate stated that the Chief of Psychiatry at the Army Hospital, Dr. B, opined that, while the type of therapy requested by defense counsel was effective in cases like appellant's, he did not believe that he could successfully treat appellant and that appellant, during treatment, had demonstrated little potential for rehabilitation. The appellant now alleges that "no proof of service [of the addendum on defense counsel] ... exists in the record," and "[e]ven if the addendum had been served, the record indicates that defense counsel did not have time to respond."[4] Before this court, appellant has submitted matters concerning treatment in lieu of confinement which he maintains, given the time, he would have submitted to the convening authority.

Rule for Courts–Martial 1106(f)(7) provides that when new matter is introduced after counsel for the accused has examined the recommendation, counsel for the accused must be served with the new matter and given the opportunity to comment. New matter does not ordinarily include any discussion by the staff judge advocate of the initial defense comments on the recommendation. R.C.M. 1106(f)(7) discussion. It does include, however, matters from outside the record. *Id.* We find this case similar to *United States v. Ricks*, 21 M.J. 569 (A.C.M.R.1985), *aff'd*, 25 M.J. 167 (C.M.A.1987) (summary disposition), where defense comments to the staff judge advocate's recommendation questioned the accused's mental status. In his addendum, the staff judge advocate included the results of a sanity board which opined that appellant did not lack mental capacity. The addendum was not served on defense counsel. This court held that the addendum contained new matter and thus it was error not to serve the addendum on defense counsel, but that the error could be corrected by this court. In a summary disposition, the Court of Military Appeals af-

firmed the decision based upon *United States v. De Grocco*, 23 M.J. 146 (C.M.A. 1987). In *De Grocco*, it was held that, to warrant reversal, the accused must make some showing that he would have submitted material to the convening authority. Failure to make such a showing waived the issue. In the case before us, appellant made such a showing. We, therefore, conclude that the record of trial must be returned to the convening authority for a new recommendation and action. *See De Grocco*, 23 M.J. at 148.

We have considered the matter personally asserted by appellant and find it to be without merit.

The action of the convening authority dated 15 April 1987 is set aside. The record of trial will be returned to The Judge Advocate General for a new action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.

*See United States v. McClelland,* 25 M.J. 903, 905 (A.C.M.R.1988); *United States v. Johnson,* 26 M.J. 509 (ACMR 1988).