UNITED STATES, Appellee,

v.

Carlton A. HEIRS, Private, U.S. Army, Appellant.

No. 62,409.

CM 8800341.

U.S. Court of Military Appeals.

Sept. 26, 1989.

For Appellant: *Colonel John T. Edwards, Lieutenant Colonel Russell S. Estey, Captain Jeffrey J. Fleming, Captain Gregory B. Upton.*

For Appellee: *Captain Randy V. Cargill.*

PER CURIAM:

Appellant was tried by a general court-martial at Fuerth, Federal Republic of Germany, on charges of larceny, forgery, and making bad checks with intent to defraud, in violation of Articles 121, 123, and 123a, Uniform Code of Military Justice, 10 USC §§ 921, 923, and 923a, respectively. Regarding the bad-check charge under Article 123a, he tendered pleas to the lesser-included offense of dishonorably failing to maintain funds for payment, in violation of Article 134, UCMJ, 10 USC § 934. After conducting a providence inquiry, the military judge rejected the guilty pleas and entered pleas of not guilty to all charges. Thereupon, the military judge recused himself and was replaced by another judge.

Heirs elected to be tried by judge alone; and ultimately he was acquitted of larceny but found guilty of the other charges. The sentence adjudged—a bad-conduct discharge as well as confinement and forfeiture of $600 pay per month for 18 months—was approved by the convening authority; and the findings and sentence were affirmed by the Court of Military Review in a short-form opinion. Thereafter, Heirs petitioned for review and assigned two errors concerning the post-trial review. We granted review on August 23, 1989.*

■ As appellant points out, there is no "indication that the convening authority considered appellant's personally written clemency submission." In light of the state of this record, this was error. *See United States v. Craig,* 28 MJ 321 (CMA 1989).

■ Appellant also notes that defense counsel alleged in his post-trial submission that the evidence was insufficient to support the findings of guilty under Article 123a. He complains that the staff judge advocate, in an addendum to his post-trial recommendation, responded by pointing to statements made by appellant during the providence inquiry regarding overdraft protection. There was no such evidence before the judge prior to findings.

An addendum to the post-trial recommendation must be served on defense counsel when new matters are introduced. RCM 1106(f)(7), Manual for Courts–Martial, United States, 1984. By referring to the statements made by Heirs during the providence inquiry, the addendum introduced new matter. Therefore, it should have been served on trial defense counsel; and failure to do so here was error.

■ Of decisive importance here is the fact that the addendum itself was based on a faulty premise. Under Mil.R.Evid. 410, Manual, *supra,* any statement made by an accused during a providence hearing incident to a tendered plea of guilty is inadmissible if the plea is withdrawn. By implication the same is required if the plea is not accepted by the military judge. *Cf. United States v. Barunas,* 23 MJ 71 (CMA 1986). If inadmissible at trial, such statements cannot be considered during the post-trial review of the sufficiency of the Government's evidence. By relying on appellant's inadmissible statements, the staff judge advocate's addendum to the post-trial recommendation erroneously implied that the convening authority could properly consider the statements in deciding what action to take. This error must be corrected by obtaining a new recommendation.

The decision of the United States Army Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Army, who shall return it to the appropriate convening authority for a new recommendation by the staff judge advocate. Following this action, Articles 60 and 66, UCMJ, 10 USC §§ 860 and 866, respectively, shall apply.

---

*       I

WHETHER APPELLANT WAS PREJUDICED WHEN THE STAFF JUDGE ADVOCATE FAILED TO ACKNOWLEDGE AND THE RECORD FAILS TO AFFIRMATIVELY DEMONSTRATE THAT POST–TRIAL MATTERS SUBMITTED BY APPELLANT WERE BROUGHT TO THE ATTENTION OF THE CONVENING AUTHORITY OR THAT THE CONVENING AUTHORITY OTHERWISE CONSIDERED THOSE MATTERS.

         II

WHETHER THE STAFF JUDGE ADVOCATE ERRED IN HIS ADDENDUM TO THE POST–TRIAL RECOMMENDATION BY ERRONEOUSLY ADVISING THE CONVENING AUTHORITY THAT APPELLANT'S ADMISSIONS DURING THE REJECTED PROVIDENCE INQUIRY COULD BE USED TO SUPPORT THE FINDINGS OF GUILTY IN THE CONTESTED CASE.