UNITED STATES, Appellee,

v.

Sergeant First Class Guadalupe ORTIZ, 456–82–4088, United States Army, Appellant.

ACMR 9001665.

U.S. Army Court of Military Review.

2 July 1991.

For Appellant: Captain Emmett G. Wells, JAGC (argued), Lieutenant Colonel Russell S. Estey, JAGC (on brief).

For Appellee: Captain Robert J. Walters, JAGC (argued), Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC (on brief).

Before De GIULIO, NAUGHTON and HAESSIG, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a general court-martial composed of officers. Contrary to his pleas, he was found guilty of two specifications of indecent acts with his natural daughter in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for eight years, total forfeitures, a reprimand, and reduction to Private E1. The convening authority approved a sentence of a dishonorable discharge, confinement for five years, and reduction to Private E1.

Appellant assigns error as follows:

### I

THE ALLEGED VICTIM'S ARTICLE 32 TESTIMONY AND PRIOR STATEMENT TO AGENTS OF THE CRIMINAL INVESTIGATION COMMAND WERE ERRONEOUSLY ADMITTED INTO EVIDENCE IN VIOLATION OF THE MILITARY RULES OF EVIDENCE AND THE SIXTH AMENDMENT, WHERE THE GOVERNMENT FAILED TO ESTABLISH THE ALLEGED VICTIM'S UNAVAILABILITY.

### II

A VIDEOTAPED RECORDING OF THE ALLEGED VICTIM'S INTERVIEW WITH AGENTS OF THE CRIMINAL INVESTIGATION COMMAND WAS ERRONEOUSLY ADMITTED INTO EVIDENCE IN VIOLATION OF THE MILITARY RULES OF EVIDENCE AND THE SIXTH AMENDMENT, WHERE THE INTERVIEW WAS ADMITTED AS 'FORMER TESTI-

MONY' ALTHOUGH IT HAD NOT BEEN CONDUCTED AS A JUDICIAL PROCEEDING AND THE ALLEGED VICTIM HAD NOT BEEN SUBJECT TO CROSS–EXAMINATION.

## III

THE MILITARY JUDGE ERRED BY PERMITTING THE GOVERNMENT TO INTRODUCE, IN ITS CASE–IN–CHIEF, EVIDENCE OF PRIOR ACTS OF CHILD SEX ABUSE BY APPELLANT, WHERE THE PRIOR ACTS WERE NOT RELEVANT TO PROVE ANY FACT ISSUE.

## IV

THE STAFF JUDGE ADVOCATE VIOLATED RULE FOR COURTS–MARTIAL 1106(F)(7) BY FAILING TO SERVE THE DEFENSE WITH A COPY OF, AND FAILING TO GIVE THE DEFENSE AN OPPORTUNITY TO COMMENT ON, AN ADDENDUM TO THE POST–TRIAL RECOMMENDATION, WHICH ADDENDUM INCLUDED NEW MATTERS ALLEGING MISCONDUCT ON THE PART OF APPELLANT'S DEFENSE COUNSEL.

We disagree and affirm.

## I

The offenses in the case before us arose from appellant's sexual abuse of his natural daughter which began about 1980. The daughter had reported these incidents to several people, including her mother, but to no avail until the last report. The abuse took place at Fort Campbell, Kentucky, at Fort Riley, Kansas, and in Berlin, Germany. After the report in Berlin which resulted in these charges, an Article 32, UCMJ, investigation was conducted. The testimony of the daughter at the Article 32 investigation was recorded verbatim.

On the day of trial, the victim and her mother could not be found.[1] Over defense objection the military judge admitted the Article 32 testimony as former testimony. He made the following findings of fact:

One, [trial counsel] personally urged Mrs. Ortiz and her daughter [L] to attend this trial.

Two, the attempt by [trial counsel] to persuade Mrs. Ortiz and her daughter [L] was made as late as last Thursday. Three, [L] and her mother were both on notice of the trial.

Four, a psychologist ... as well as Mrs. DeLeon, a close family friend, prevailed upon [L] and her mother to attend the trial yesterday.

Number Five, efforts were made by members of the staff of the Staff Judge Advocate's Office in Berlin, as well as military police and social workers, to persuade [L] and her mother to attend the trial yesterday. Furthermore, [trial counsel] made a personal attempt.

Number Six, [L] and her mother both told [trial counsel], as well as people previously described in my findings, that they did not intend to testify at this trial. Representation specifically was made by [L], as well as her mother.

Seven, when it was determined that the witnesses, [L] and her mother, were not present, military police resources, Mrs. DeLeon, and social worker resources were utilized in an attempt to locate them and persuade them to come to trial. Included in these attempts were personal visits to the quarters. The door to Mrs. Ortiz's residence was knocked on, there was no answer. Efforts were made to go to the school where [L] attends as a student, to no avail. Furthermore, efforts were made to go to the chapel because of the victim's strong religious beliefs and her efforts to utilize the Office of the Chaplain to help her emotionally. All these efforts failed.

Eight, upon recess of this Court yesterday, for the purpose of determining the whereabouts of the Ortiz's, [L] and her

---

1. We note that although L and Mrs. Ortiz could not be found by the extensive efforts of the prosecution and the court, Mrs. Ortiz apparently voluntarily appeared to testify for the defense during the presentencing procedure the next day. This court finds this unexplained appearance disturbing. The circumstances of this case may call for inquiry by proper authority.

mother, military police resources and the resources of the prosecutor ... were utilized to attempt to locate [L] and her mother. Finally they were located late yesterday afternoon at their quarters and it was determined that they had locked themselves in their quarters and had declined to answer the door.

Nine, I directed a subpoena be given to Mrs. Ortiz and her daughter. The trial counsel personally attempted to serve this subpoena on Mrs. Ortiz and her daughter. Both Mrs. Ortiz and her daughter, emotionally distraught in the presence of the trial counsel, had indicated that the subpoena would have little impact on their decision to attend.

Ten, at all times, the United States provided transportation to the Ortiz's for the purpose of getting them to the courtroom.

Eleven, this morning, 30 May, the trial counsel and Mrs. DeLeon again attempted to persuade the Ortiz's to come to trial. They [both told him] that they did not intend to come to trial and testify.

Twelve, upon learning of the continued refusal of the Ortiz's, [L] and her mother, to abide by my subpoena, I, in the presence of counsel, directed [trial counsel] to have the MPs serve my subpoena upon the Ortiz's.

Thirteen, military police and [trial counsel] went to the quarters of [L] and her mother, knocked on the door and received no answer.... [T]he apartment was entered and no one was present.

Fourteen, attempts were made to contact the school. In fact, the school was personally visited by government representatives and neither [L] nor her mother could be located.

I find the government has exhausted all reasonable efforts to obtain the presence of [L] and her mother. Therefore, I find that they are unavailable for purposes of 804(b)(1).

■ Former testimony of an absent witness may be admitted into evidence as an exception to the hearsay rule. Manual for Courts–Martial, United States, 1984, Mil.R.Evid. 804(b)(1) [hereinafter Mil.R. Evid.]. The declarant, however, must be unavailable. Mil.R.Evid. 804(b). Where former testimony is admitted into evidence, the confrontation clause of the sixth amendment also requires that the declarant be unavailable. *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

■ Unavailability requires a showing that the prosecution made good faith efforts prior to trial to locate and present the witness. *Id.* In interpreting *Ohio v. Roberts*, the Court of Military Appeals has stated that a witness is not unavailable unless the Government has exhausted every reasonable means to secure the witness' live testimony. *United States v. Burns*, 27 M.J. 92 (C.M.A.1988). Attempts at personal service of subpoena rather than service by mail may be required. *Id.* A warrant of attachment served by a military officer may be utilized. *Id.* at 97. The indicia of reliability as to the former testimony of an absent witness might be taken into account in determining the prosecutor's good faith effort in locating a witness. *United States v. Crockett*, 21 M.J. 423 (C.M.A.), *cert. denied*, 479 U.S. 835, 107 S.Ct. 130, 93 L.Ed.2d 74 (1986).

■ Here, the military judge found that all reasonable efforts were made to obtain the presence of the witness, to include attempts at personal service of a subpoena, persuasion by psychologists, the trial counsel, family friends, and military police. Although a warrant of attachment was not issued, it is clear from the military judge's findings of fact and the record that such an act would have been futile. The law does not require the doing of a futile act. *Ohio v. Roberts*, 448 U.S. at 74, 100 S.Ct. at 2543. A review of L's former testimony fails to indicate inconsistencies or a motive to lie. Concerning confrontation, appellant had the opportunity to confront and cross-examine the victim at this Article 32 hearing. *See California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). *See also United States v. Connor*, 27 M.J. 378, 389 (C.M.A.1989). We find the Article 32 testimony of L highly reliable. Under the circumstances of this case, we do not find that the military judge abused his dis-

cretion by determining L was unavailable. *See United States v. Vanderwier*, 25 M.J. 263, 266 (C.M.A.1987) (unavailability of witness subject to review under abuse of discretion standard). The assertion of error is without merit.

## II

■ Also admitted into evidence was a videotaped statement of L, the victim, taken by a Criminal Investigation Command agent during the investigation. A verbatim transcript of this taped statement was adopted by L during her testimony at the Article 32 investigation. There was no objection to admission of the tape at the Article 32 investigation. Appellant asserts that this videotape was improperly admitted at trial.[2] Where the defense has not objected at the Article 32 hearing when a witness adopts the pretrial statement as his testimony, the prior statement is incorporated within the testimony, and admissible under the former testimony exception. *Connor*, 27 M.J. at 390. We find that this rule is applicable in the case before us. We hold that the videotaped statement was admitted into evidence properly under the former testimony exception.

## III

In the third assignment of error appellant asserts that the military judge erred by permitting the government to introduce, in its case-in-chief, evidence of prior acts of child sex abuse by appellant where the prior acts were not relevant to prove any fact in issue. The evidence included testimony by L that appellant, while stationed at Fort Campbell, Kentucky, during 1980–1983, on numerous occasions fondled her vagina and breasts. Appellant also attempted intercourse with L but stopped when she screamed in pain. Appellant also made L masturbate him on several occa-

sions. L was between the ages of 8 and 11 years at the time. The trial counsel offered the evidence to show intent and a long-range scheme or plan to commit sexual acts.

The military judge ruled this evidence admissible stating that it would explain the relationship of L and appellant and her continued submission to his abuse, explain the intent of appellant in utilizing his parental authority to effectuate the incidents, would corroborate L's statement, and show the statements were not the result of recent fabrication. Further, he found that the evidence was relevant and material and that its probative value outweighed its prejudice to appellant. He instructed the court that the evidence could only be used *to prove a plan or design* of the accused to utilize his parental authority over his daughter to satisfy his sexual lust, to explain the lack of complaint by L, to demonstrate lack of recent fabrication and to explain L's acquiescence to some of the acts charged.

■ Military Rule of Evidence 404(b) provides, in pertinent part, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." In order to be admissible the evidence must be relevant to the offenses charged. Mil.R.Evid. 401.

■ In the case before us, the prior acts of misconduct were similar to those charged. *See United States v. Brannan*, 18 M.J. 181, 184 (C.M.A.1984) (dissimilar acts did not show common features of a plan). The evidence amounts to proof of a

---

**2.** At trial, appellant did not object to the admission of L's former testimony through the videotape. When the government offered *both* the videotape and the verbatim transcript into evidence, defense counsel objected as follows:

I'd object to the admission of Prosecution Exhibit Number 2 [the verbatim transcript]. The jury is already going to view the videotape. That's the equivalent of giving them a

transcript of a witness's testimony and allowing them to take that back into the witness [sic] room. It's unnecessarily cumulative, also. So my objection would be based on both of those being presented to the jury, but I have no objection to one or the other.

The military judge admitted only the videotape, which was played to the members.

prior course of conduct over a ten-year period involving sexual abuse of L. Such evidence established a continuing scheme or plan on the part of the appellant to use his parental authority over his daughter to satisfy his sexual desires.[3] *See United States v. Hicks,* 24 M.J. 3 (C.M.A.1987) (prior similar acts used to show scheme to use position of authority to obtain sexual favors). *See also United States v. Rath,* 27 M.J. 600, 609 (A.C.M.R.1988), *petition denied,* 29 M.J. 284 (C.M.A.1989). "The critical issue here was the occurrence of the charged indecent acts, and evidence of appellant's plan to do such acts was probative on this point." *United States v. Munoz,* 32 M.J. 359, 364 (C.M.A.1991). The question is "whether the evidence of misconduct is offered for some purpose other than to demonstrate the accused's predisposition to crime and thereby to suggest that the fact finders infer that he is guilty as charged, because he is predisposed to commit similar offenses." *United States v. Castillo,* 29 M.J. 145, 150 (1989). We find that, at appellant's court-martial, the evidence was used for a legitimate purpose. The military judge did not err by permitting the introduction of this evidence.

Finally, we find, as did the military judge, that the probative nature of the evidence outweighed any prejudice to appellant. *See* Mil.R.Evid. 403.

## IV

Lastly, appellant alleges that new matter, which included trial counsel's attack on defense counsel, was provided to the convening authority by the Staff Judge Advocate in his addendum to his post-trial recommendation without serving a copy on defense.

In his post-trial submissions, trial defense counsel alleged that L's refusal to testify was because trial counsel had told her that testifying was the right thing to do because appellant, her father, had to be punished. He further stated that the only time trial counsel contacted Mrs. Ortiz was

immediately before she had to testify and, because of the way she was treated, she wanted nothing more to do with a process that would send her husband to jail. Additionally, in his request for clemency, appellant stated that his family did not testify because trial counsel wanted "to put him under the jail house and throw away the key." He stated that the family did not want him in jail but wanted appellant placed in a rehabilitation program with professional medical help. He alleged that the military police were sent out to arrest them, that they were locked out of their quarters, that the locks on the quarters were changed, and that they were forced to go to the military police station to pick up the keys. Further, appellant states that the family objected to all the people attempting to convince them to testify. Appellant also alleged that when Mrs. Ortiz testified for him during the presentencing procedures, the trial counsel verbally attacked her and criticized her, putting her into a more nervous condition.

In a five-page memorandum, trial counsel described the efforts to support the family, his efforts to get L to testify at trial, and L's and Mrs. Ortiz's refusal to appear. Trial counsel noted that Mrs. Ortiz believed her and L's appearance was not required because trial defense counsel had communicated to them that if they did not appear, the court would use the Article 32 testimony. Trial counsel also noted that Mrs. Ortiz stated that defense counsel emphasized to her that she "had other options besides testifying against her husband; that if she failed to appear the Government would probably still be able to punish her husband by administratively separating him without sending him to confinement."

The Staff Judge Advocate attached the trial counsel's memorandum to his addendum to the recommendation. He did not serve the addendum on the defense.

 An addendum to the post-trial recommendation must be served on defense counsel when new matters are introduced.

---

**3.** Although some of the prior misconduct alleged falls outside the statute of limitations, nothing precludes the use of such evidence for the purposes of Military Rule of Evidence 404(b).

R.C.M. 1106(f)(7); *United States v. Heirs*, 29 M.J. 68 (C.M.A.1989). New matter does not include any discussion by the staff judge advocate of initial defense comments on the recommendation but does include matters from outside the record. R.C.M. 1106(f)(7). Here, trial counsel's memorandum contains matters outside the record which is new matter. As such it was error not to serve the addendum on the defense. *See Heirs*, 29 M.J. at 69; *United States v. Snoberger*, 26 M.J. 818 (A.C.M.R.1988); *United States v. Nance*, 15 M.J. 588 (A.C. M.R.1983).

Having found error, we must examine the error to determine if it materially prejudices the substantial rights of appellant, for without prejudice the court cannot set aside findings or sentence of court-martial. *See* Article 59(a), UCMJ, 10 U.S.C. § 859(a).

After reviewing the record of trial, the Staff Judge Advocate's recommendation and the addendum, we find that the error was not prejudicial. A reading of the entire record convinces us that the matters of concern in the addendum amount to little more than a minor "tiff" between trial counsel and the defense. This appears to have had little impact on the convening authority because his action was very favorable to appellant. Indeed, the convening authority's reduction of the sentence from eight years' to five years' confinement, disapproval of the forfeitures, and the reprimand was a major reduction of the sentence in response to appellant's clemency submissions. Under the circumstances of this case, to include the major reduction of the sentence, the error did not prejudice the substantial rights of appellant.

The assertions of error personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982) are without merit.

The findings of guilty and the sentence are AFFIRMED.