**UNITED STATES, Appellee,**

v.

**First Lieutenant Quentin D. HOLMES, 433–21–1904, United States Army, Appellant.**

**ACMR 9002125.**

U.S. Army Court of Military Review.

16 Sept. 1991.

---

3. The appellant's return to staff sergeant status was fleeting. The convening authority again approved the sentence on 10 June 1990 following a new staff judge advocate's recommendation. On 10 October 1990, this Court affirmed the findings and sentence in this first court-martial. *United States v. Rayford*, ACMR 8903321 (A.C.M.R. 10 October 1990) (unpub.).

For Appellant: Lieutenant Colonel James R. Anthony, JAGC USAR, Captain Robin N. Swope, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J.

Dell'Orto, JAGC, Captain Timothy W. Lucas, JAGC, Captain Glenn L. Kirschner, JAGC (on brief).

Before FOREMAN, HAESSIG, and HAGAN, Appellate Military Judges.

## OPINION OF THE COURT

HAGAN, Judge:

A military judge sitting as a general court-martial convicted the appellant, contrary to his pleas, of one specification of wrongful fraternization with an enlisted soldier, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982). The convening authority approved the adjudged sentence of dismissal. The appellant now asserts that the staff judge advocate erred by mentioning new matter in the post-trial recommendation.

At trial, Private First Class (PFC) "Y," the subordinate with whom the appellant was accused of having a sexual relationship, testified for the prosecution (upon order of the general court-martial convening authority, accompanied by a grant of immunity from that officer), but denied having engaged in sexual intercourse with the appellant. The government later recalled PFC Y for the limited purpose of impeaching her credibility. The defense did not object so "long as we have the understanding that [the trial counsel] is trying to impeach the credibility of his own witness, but not to use these materials to establish the truth of the contents therein...." Upon recall, PFC Y admitted to having had sexual relations with the appellant.

In accordance with Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1106 [hereinafter R.C.M.], the staff judge advocate served a copy of that officer's post-trial recommendation upon the appellant and upon the trial defense counsel. The appellant responded with a lengthy rebuttal and many enclosures. That was followed by the staff judge advocate issuing a three-page addendum; the convening authority acted upon

the case that same day. The appellant contends that the addendum contained new matter within the meaning of Rule for Courts–Martial 1106(f)(7), and that neither the appellant nor his trial defense counsel were served with or granted an opportunity to comment upon the addendum.

The addendum provides, in part:

The finding of guilty rests on the totality of [the appellant's] relationship with PFC [Y].... With respect to the totality of the relationship, the accused now denies that PFC [Y] was alone with him in his apartment, that she rode in his automobile, and that he told [another soldier] he loved [Y] and wanted to marry her. He contends that the witnesses were biased against him.... *The accused does not address the damaging testimony of PFC [Y] and suggests no reason why she would lie about having sexual intercourse with him....* [Thus, t]he legal contentions of the defense are without merit.... (Emphasis added).

The issue is whether the staff judge advocate's reference to "the damaging testimony of PFC Y" is new matter because it was admitted at trial for the limited purpose of impeaching the credibility of PFC Y and not for any other evidentiary purpose.

The staff judge advocate has a duty to make conclusions of law and to recommend appropriate action to the convening authority. That is done via the post-trial recommendation required and described by Rule for Courts–Martial 1106. The accused and counsel at a court-martial are entitled to a recommendation conducted in accordance with law, to have copies of the recommendation served upon them, and to have an opportunity to comment upon and rebut matters contained within the recommendation. R.C.M. 1106; *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). If the staff judge advocate raises new matters in an addendum, the addendum must be served in a like manner to the original recommendation. *United States v. Narine*, 14 M.J. 55 (C.M.A.1982). New matter is "discussion of the effect of new decisions on issues in the case, matter from outside

the record of trial, and issues not previously discussed." R.C.M. 1106(f)(7) discussion.

This court has previously held that:

[C]omments by the staff judge advocate on subjects broached by the defense in response to his recommendation do not constitute "new matter." To hold otherwise would permit "an endless succession of defense challenges and staff judge advocate responses thereto ... Such a requirement could place an intolerable burden upon convening authorities to afford an accused the speedy post-trial disposition of his case." (Citations omitted).

*United States v. Clark*, 22 M.J. 708, 710–11 (A.C.M.R.1986) (quoting *United States v. Meyer*, 1 M.J. 755, 756 (A.F.C.M.R.1975)). Furthermore, this court has decided that the staff judge advocate may discuss the correctness of the initial defense comment on the recommendation without the discussion constituting new matter. *United States v. Wixon*, 23 M.J. 570, 572 (A.C.M.R.1986), *aff'd*, 25 M.J. 370 (C.M.A.1987).

 The appellant, however, asserts that this staff judge advocate went beyond discussing the initial defense response when that officer raised, for the first time in the addendum, the testimony of PFC Y, which had been permitted solely to impeach her credibility. Essentially, the appellant says that not only is an item outside the record new matter, but that an item *inside* the record may be new matter.

The appellant is correct. In *United States v. Heirs*, 29 M.J. 68 (C.M.A.1989), the Court of Military Appeals confronted a similar question. The appellant in *Heirs* had entered pleas of guilty, engaged in a providence inquiry with the military judge, and had his pleas of guilty rejected. After conviction, the staff judge advocate, in an addendum to that officer's post-trial recommendation, responded to the defense post-trial submission by pointing to statements made by that appellant during the providence inquiry. The court held that it was error to refer to statements made by an accused during a providence inquiry which resulted in the rejection of the pleas of guilty because, although part of the record of trial, those statements were not evidence before the judge on the merits. *Heirs*, 29 M.J. at 69; Manual for Courts–Martial, United States, 1984, Military Rule of Evidence 410. The Court of Military Appeals stated:

[I]f inadmissible at trial, such statements cannot be considered during the post-trial review of the sufficiency of the Government's evidence. By relying on appellant's inadmissible statements, the staff judge advocate's recommendation erroneously implied that the convening authority could properly consider the statements in deciding what action to take. This error must be corrected by obtaining a new recommendation.

*Id.*

 The principle underlying the *Heirs* decision is compelling. Thus, we hold that evidence admitted for a limited purpose at trial cannot later be considered for any other purpose during the post-trial review of the sufficiency of the government's evidence on the merits, unless any reference in the staff judge advocate's review to such limited-purpose evidence clearly indicates its limited nature, and, if in an addendum, that addendum is served in accordance with Rule for Courts–Martial 1106. We further hold that the staff judge advocate's reference to PFC Y's testimony in his addendum went beyond the limited purpose of the testimony (impeachment of Y's credibility) and instead was used to prove that the appellant committed the charged offense (the truth of the matter asserted). As such, the reference to PFC Y's testimony is "new matter," which should have been served on the appellant and counsel for comment. This error requires a new review and action.

We have considered the errors which the appellant raises pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to have no merit.

The action of the convening authority, dated 28 September 1990, is set aside. The record of trial will be returned to The Judge Advocate General for a new action

by a different convening authority in accordance with Article 60(c)–(e), Uniform Code of Military Justice, 10 U.S.C. § 860(c)–(e).

Senior Judge FOREMAN and Judge HAESSIG concur.