**UNITED STATES, Appellee,**

v.

**Staff Sergeant Jose R. TORRES, 155–52–2808, United States Army, Appellant.**

**ACMR 8600844.**

Army Court of Military Review.

21 Oct. 1987.

For Appellant: Lieutenant Colonel James R. Anthony, JAGC, USAR, Major Dale K. Marvin, JAGC, Captain Floyd T. Curry, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Bryant G. Snee, JAGC (on brief).

Before COKER, KENNETT and ROBBLEE, Appellate Military Judges.

### OPINION OF THE COURT

PER CURIAM:

Appellant was convicted in accordance with his pleas of one specification of possession and seven specifications of use of marijuana. His sentence of a dishonorable discharge and confinement for five years was approved by the convening authority.

■ This case must be returned to The Judge Advocate General for a new action by the same or a different convening authority because the staff judge advocate failed to serve the defense counsel with "new matter" included in an addendum to the post-trial recommendation. *United States v. Narine*, 14 M.J. 55 (C.M.A.1982); Rule for Courts-Martial 1106(f)(7).[1]

Prior to completion of the post-trial recommendation in accordance with R.C.M. 1106(a), defense counsel submitted in two separate documents a clemency petition *and* matters for consideration under R.C.M. 1105(b). The recommendation does not comment on either, the latter in violation of R.C.M. 1106(d)(4). At some time after the clemency petition was submitted but before the convening authority took his action, the trial counsel appended to the petition a discussion and rebuttal of its contents. He pointed out that appellant had refused to cooperate with the government's drug investigation and therefore "several got away," naming two specific cases. Nowhere in the record of trial or in the clemency petition was appellant's cooperation with the government's drug investigation discussed or even mentioned. This was "new matter" under R.C.M. 1106(f)(7) and the failure of the staff judge advocate to permit defense comment on it was plain error.

■ Appellate defense counsel have, however, alleged another error which we believe deserves comment at this time because resolution of this error by the convening authority will preclude this case being remanded for a sentence rehearing. *Should this case be returned to us for further review pursuant to Article 66(c), Uniform Code of Military Justice, without a sentence rehearing having been conducted, we will set aside the sentence and order a sentence rehearing.* We do

---

1. Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial [hereinafter R.C.M.] 1106(f)(7).

not do so at this time because, in view of the invalid action by the convening authority, occasioned by the staff judge advocate's failure, we technically have no justiciable issues before us except the issue of the remedy for the invalid action. R.C.M. 1111(a)(1) and 1201(a)(2)(A).

In addition to the error in the post-trial processing of this case, appellant alleges the military judge erred in not allowing proper voir dire of the court members. We agree; however, because no errors have been alleged, or detected by us, with respect to appellant's guilty pleas, only a sentence rehearing is required.

The military judge required counsel to present all voir dire questions to him for approval. While the record is not clear that counsel would be permitted to ask approved questions of the members, we presume that would have been permitted. When defense counsel indicated he desired to question three members about their knowledge of one of the defense witnesses, the judge discouraged the questions by stating his personal supposition regarding the member's knowledge. On another question proffered by defense counsel, the military judge discouraged it based on information he had gained from a prior court-martial. Counsel acquiesced. The military judge denied counsel the opportunity to ask another question because counsel had not submitted it prior to the military judge's initial general questions. Again, counsel acquiesced in the decision.

▮ The right of voir dire is not absolute and the procedure used in this case to control questioning of the members is not *per se* wrong. R.C.M. 912(d); *United States v. Slubowski*, 7 M.J. 461 (C.M.A. 1979). However, the denial of otherwise proper questions only because they had not been previously proffered is unduly restrictive and an abuse of discretion. Of greater import is the strong reliance by the military judge on information from outside the record. The use of personal knowledge by the military judge on an issue material to a court-martial has been proscribed. *United States v. Conley*, 4 M.J. 327 (C.M.A.1978); *United States v. Jamison*, 18 M.J. 540 (A.C.M.R.1984). Examination of members for improper bias or prejudice is a material element in the challenging procedures. Without adequate voir dire there can be no knowledgeable challenges for cause. *See United States v. Smart*, 21 M.J. 15, 18–21 (C.M.A.1985).

The 5 March 1987 action of the convening authority is set aside and the record of trial is returned to The Judge Advocate General of the Army for a new action by the same or a different convening authority after the trial defense counsel has been served with and given an opportunity to comment upon the "new matter" included in the addendum to the staff judge advocate's post-trial recommendation. In his discretion, the convening authority may set aside the sentence and order a sentence rehearing. As noted earlier, if this case is returned to us for further review without a sentence rehearing having been held, we will set aside the sentence and order a sentence rehearing.[2]

---

**2.** If a sentence rehearing is held, a new post-trial recommendation, as well as a new action, will be required.