**UNITED STATES**

v.

**Technical Sergeant Charles L. THOMPSON, FR 196–40–4891, United States Air Force.**

**ACM 26142.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 April 1987.

Decided 17 Nov. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major William J. Reichart.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel

Robert E. Giovagnoni and Captain Marc Van Nuys.

Before FORAY, Senior Judge, and BLOMMERS and MURDOCK, Appellate Military Judges.

## DECISION

BLOMMERS, Judge:

Tried by general court-martial, the appellant was convicted, pursuant to his pleas, of wrongfully using cocaine on divers occasions. The sentence, as adjudged and approved, extends to a bad conduct discharge, confinement for nine months, reduction to sergeant (E–4), and a reprimand. One matter raised on appeal warrants our attention.

The Recommendation of the staff judge advocate (SJA) was properly prepared and served. Article 60(d), U.C.M.J., 10 U.S.C. § 860(d); R.C.M. 1106; Air Force Regulation (A.F.R.) 111–1, Military Justice Guide, paras. 7–3 and 7–4 (1 August 1984). It recommended that the sentence be approved and that the 3320th Correction and Rehabilitation Squadron (CRS), Lowry Air Force Base, Colorado, be designated as the place of confinement. In the Air Force, this designation is tantamount to a statement that the accused is a good candidate for rehabilitation and possible return to a full duty status. See A.F.R. 111–1, para. 7–13e; A.F.R. 125–18, Operation of Air Force Correction and Detention Facilities, para. 5–8 (1 February 1980) (Change 1, 2 January 1987). This unit operates the Air Force return to duty rehabilitation (RTDR) program. In due course, trial defense counsel filed his response, including substantial clemency materials. See R.C.M. 1105. Two days thereafter, an Addendum to the SJA's Recommendation was prepared. It noted that "[t]he defense has put together an impressive package requesting clemency", but, based upon Air Force policy that noncommissioned officers who abuse drugs are not normally afforded the opportunity for rehabilitation, concluded that "[t]he accused, in my opinion, should not be offered the opportunity for rehabili-

tation at the 3320th Correction and Rehabilitation Squadron." It then recommended that the appellant be confined at the Correction Facility, Lowry Air Force Base. This was the facility designated as the place of confinement by the convening authority in his action.

The appellant now contends in an assignment of error that this change in the recommended place of confinement was "without any basis and without any opportunity for rebuttal by the accused or counsel."[1] R.C.M. 1106(f)(7) provides:

*New matter in addendum to recommendation.* The staff judge advocate or legal officer may supplement the recommendation after counsel for the accused has been served with the recommendation and given an opportunity to comment. When new matter is introduced after counsel for the accused has examined the recommendation, however, counsel for the accused must be served with the new matter and given a further opportunity to comment.

Thus, we are faced with two questions. First, whether the change in the recommended place of confinement constitutes "new matter" which must be served on defense counsel; and second, if so, was counsel given fair opportunity for further comment.

■ In the Discussion section under the rule set forth above, "new matter" is defined as including "discussion of the effects of new decisions on issues in the case, matter from outside the record of trial, and issues not previously discussed." Under the Rules for Courts-Martial and Air Force regulations, designation of the place of confinement is within the sole discretion of the convening authority when taking initial action on the case. R.C.M. 1107(b)(1), 1107(f)(4)(C) and 1113(d)(2)(C); A.F.R. 111–1, paras. 7–6f and 7–13. Normally, the recommended place of confinement would not rise to the level of "new matter." In this case, however, the issue is not really where the appellant would physically serve

1. We do not agree with appellate defense counsel's assertion that the change in question was without any basis. A rationale therefor is clearly set forth in the Addendum.

his sentence so much as it is whether he would be offered the *opportunity* for rehabilitation. (Being sent to the 3320th CRS does not, of course, guarantee a member will successfully complete the retraining program and be retained in the service.) The appellant's potential for rehabilitation and retention in service was a central issue at trial, and now upon review. As a member with over 16 years of otherwise exemplary service, he certainly has a lot at stake. He is a volunteer for the Air Force return to duty rehabilitation program, and the record is replete with testimony and statements as to his rehabilitative potential. Under these circumstances, we find that the change in recommended place of confinement constitutes "new matter." (We note also that appellate government counsel concede this point.)

■ In our view, the Addendum contains other new matter as well. Part of it states:

[The accused's] comments at trial and his attorney's comments in post-trial matters indicate that he continually sought help [for his drug problem] and could not receive it. His statement, also included in the clemency package, further details his efforts to seek help. However, further investigation revealed that the accused really only sought Air Force assistance after the date of 4 November 1986, when the results of his urinalysis of 16 September 1986 were fully known. I have taken great time to investigate the accused's claim that he attempted to seek help prior to providing a urinalysis sample. Unfortunately, the facts indicate that his attempts to do so did not really materialize until after 4 November 1986.

Although the staff judge advocate can certainly comment on the correctness of the initial defense submission, the conclusions reached by the Addendum's author are obviously based upon "matter from outside the record of trial" and bore directly on a central issue in the case. Discussion, R.C. M. 1106(f)(7). This also constitutes "new matter."

■ Turning to the second question, the record, when received for review by this Court, was devoid of any indication that the

Addendum to the SJA's Recommendation had been "served" on trial defense counsel. It only revealed that the convening authority took his action five days after the date of the Addendum. *Cf. United States v. Goode*, 1 M.J. 3 (C.M.A.1975); *United States v. Narine*, 14 M.J. 55 (C.M.A.1982). However, we have been presented with an affidavit from the judge advocate who prepared the SJA's Recommendation as well as the Addendum thereto. In it she states that immediately after the Addendum was prepared, she telephonically advised defense counsel of the change in the recommended place of confinement. She further states: "To the best of my recollection [defense counsel] verbally disagreed with that decision. However, I was under the impression that no additional matters would be submitted by the defense." She believes that she then photocopied the Addendum and gave a copy of it to a member of the legal staff for delivery to defense counsel's office. That individual does not specifically recall making that delivery. Was this action sufficient to give defense counsel "a further opportunity to comment" under the law? We think not.

■ We are unpersuaded by the Addendum author's "impression" that no additional matters would be submitted. The above quoted subsection of Rule 1106(f) does not, standing alone, provide much guidance in defining what constitutes "a further opportunity" to submit comments in terms of time allowed. (For the purposes of resolving the issue faced, we will assume, without deciding, that telephonic transmission of new matter to defense counsel is sufficient to satisfy the service requirement of the Rule.) However, subsection (5), as pertinent to this case, provides that defense counsel shall have 10 days from receipt of the Recommendation to submit comments. An "addendum" is defined as "[a] thing that is added or to be added; a list or section consisting of added material." *Black's Law Dictionary* 35 (5th ed. 1979). *A fortiori* it becomes part of the Recommendation. As such, defense counsel was entitled to at least 10 days within which to submit a response or for-

**666**

mally waive any further submission. He was not afforded the requisite time to respond, nor did he waive further submission. Our conclusion is buttressed by the fact that the Analysis to Rule 1106(f)(7) indicates the subsection is based on *United States v. Narine, supra.* M.C.M., Appendix 21, at A21–73 (1984). In *Narine,* the Court of Military Appeals held that supplemental material containing any new matter "must be served on the defense counsel *in the same manner as the original review.*" (Emphasis added.) *United States v. Narine, supra* at 57. Although addressing the *Goode* rule (which provided for a five day response time), the rationale in *Narine* has been adopted as the basis for Rule 1106(f)(7), as noted above. Thus, if new matter is contained in an addendum or any other supplement to the SJA's Recommendation, defense counsel must be provided, after notice thereof, 10 days to submit comments thereto, if desired, which period can be extended for up to 20 additional days for good cause shown. R.C.M. 1106(f)(5).

■ Although we have grave doubts as to whether the appellant has suffered any prejudice as a result of the omission in this case,[2] we feel constrained by law to take appropriate remedial action. The Court of Military Appeals has stated:

It is simply that where new matter is introduced after defense counsel has examined the review, *Goode* requires a further opportunity to comment be given to the defense counsel. It dilutes the curative effect of *Goode* to ignore the lack of

input from the defense counsel and to examine the new material for possible prejudice at the appellate level neither substitutes for the input of the defense counsel nor avoids the appellate caseload that *Goode* was designed to reduce. "The mere fact that upon appeal harm to the accused may be found nonexistent, in no sense lessens the obligation to see that he receives those benefits that are rightly his." *United States v. Roop,* 16 U.S.C.M.A. 612, 615, 37 C.M.R. 232, 235 (1967), quoted with approval in *United States v. Hill, supra* at 297. (Footnote omitted.)

*United States v. Narine, supra* at 57–58. *See also United States v. Hill,* 3 M.J. 295 (C.M.A.1977).

The action of the convening authority is set aside. The record of trial is returned to The Judge Advocate General for submission to a convening authority for a new action after trial defense counsel has had an opportunity to examine and comment on the Addendum to the Recommendation of the staff judge advocate.

The other error asserted has been considered and found to be without merit.

Senior Judge FORAY and MURDOCK, J., concur.

2. Prior to taking action, the convening authority had before him abundant information as to the appellant's potential for rehabilitation. In addition to matters in the record of trial, including the appellant's performance report file, the testimony of several defense witnesses (five of whom were senior noncommissioned officers), and a recommendation by the military judge (a Colonel) after announcing sentence that the bad conduct discharge be suspended and the appellant afforded the opportunity to attend the return to duty rehabilitation program (all summarized in the SJA's Recommendation), the appellant and his counsel put together a comprehensive R.C.M. 1105 package. It contained character references and clemency recommendations from no less than 20 people, including the appellant's commanding officer (the accuser) and the Chairman of the Department of Mental

Health at David Grant USAF Medical Center and two members of his staff, almost all of whom specifically recommended the appellant be retained in the service. It is hard for us to imagine what more defense counsel could have submitted (this statement is not to be viewed as an opinion on the part of this Court, on the issue of the appellant's worthiness as a candidate for rehabilitation). We also note that due to the length of his sentence to confinement, the appellant is entitled to have his case reviewed for clemency and possible restoration to duty through the Air Force prisoner disposition board procedure. *See generally,* A.F.R. 125–18, Chapter 7; OTJAGL JAJ 86–3, "Easy Reading" Copy of Instructions for Parole and Clemency Consideration for Prisoners Not at the USBD, dated 10 June 1986.