## UNITED STATES

v.

**Airman Basic Richard J. HAYNES, Jr., FR 577–82–3736, United States Air Force.**

**ACM S28066.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 15 Feb. 1989.

Decided 7 June 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair.

Appellate Counsel for the United States: Colonel Joe R. Lamport.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

### DECISION

KASTL, Senior Judge:

What constitutes "new matter"—meriting a second service on an appellant—when the staff judge advocate supplements his or her review with an Addendum?

In his post-trial handwritten request for clemency, the appellant stated that he "would submit certificates and letters of appreciation but I can't because I can't get to them because I am in confinement...." The undated Addendum to the recommendation of the staff judge advocate treated this assertion. It noted that: (1) the Central Base Personnel Office had been contacted; (2) the appellant had been given a specific opportunity to obtain documentation from his personnel records; but (3) he declined to follow through on the opportunity. There is no indication the defense

was given a chance to reply to this Addendum.[1]

It is often difficult to gauge when the staff judge advocate's Addendum answering an accused's earlier submission crosses the threshold of "new matter," thereby dictating a second service on the appellant and opportunity for the defense to comment. *See* R.C.M. 1106(f)(7) and *United States v. Narine,* 14 M.J. 55, 57 (C.M.A.1982).

The Discussion accompanying R.C.M. 1106(f)(7) provides some overall guidance— "new matter" does not ordinarily include discussion by the staff judge advocate of the correctness of *initial defense comments* on the Recommendation; contrariwise, "new matter" includes material from outside the record. These principles apply when the staff judge advocate comments on legal matters; we believe they also apply when—as here—he or she comments on clemency submissions. *See* R.C.M. 1106(d)(4) and (5).

■ In this case, the staff judge advocate commendably sought to respond to the appellant's contention that he had other clemency materials to offer but could not place them before the convening authority because of his incarceration. The flaw was not in addressing the matter but in failing to give the defense a "second look" at what was stated in the staff judge advocate's Addendum, together with a final chance to be heard, should the defense so desire.

We find that the staff judge advocate erred by failing to serve this Addendum upon the defense and giving appropriate time for a response pursuant to R.C.M. 1106(f)(7). The instant case is similar to *United States v. Ricks,* 21 M.J. 569 (A.C.M.R.1985) *aff'd* 25 M.J. 167 (C.M.A.1987) (Sum. Dis.). In *Ricks,* defense comments to the Staff Judge Advocate's Recommendation questioned the accused's mental status. The Addendum addressed this matter but it was not served on defense counsel.

The Army Court of Military Review found that the Addendum contained new matter and thus it was error not to serve it on defense counsel. We reason that the same rationale is applicable here.

■ As indicated above, the dividing line between what is and is not "matter from outside the record of trial" can be wafer thin. *See generally United States v. Thompson,* 25 M.J. 662 (A.F.C.M.R.1987) and *United States v. Clark,* 22 M.J. 708, 710–711 (A.C.M.R.1986). If there is any doubt whatsoever, the staff judge advocate should err on the side of caution and provide the defense the additional time for an opportunity to examine and provide comments. *See generally* Air Force Regulation 111–1, *Military Justice Guide,* 30 September 1988, paragraphs 15–5b(3) and 15–6c and Figure 15–1. *See also United States v. Anderson,* 25 M.J. 342, 344 (C.M.A.1987) and R.C.M. 1106(f)(5). Such practice will avoid needless appellate litigation. *See* Effron, *Post–Trial Submissions to the Convening Authority Under the Military Justice Act of 1983,* July 1984 Army Lawyer 59, 62.

Though we find error, we decline to return this case for a new Staff Judge Advocate's Recommendation and convening authority action. As do our Army and Navy–Marine Corps brethren, we believe this is an example of the type of post-trial situation in which we may now take appropriate corrective action. *See* S.Rep. No. 53, 98th Cong., 1st Sess. 21 (1983); *United States v. Keck,* 22 M.J. 755, 758 (N.M.C.M.R.1986) and *United States v. Ricks,* 21 M.J. at 570. *See also United States v. De Grocco,* 23 M.J. 146 (C.M.A.1987) (to warrant reversal, the accused must make some showing that he would have submitted materials to the convening authority).

Accordingly, exercising our statutory fact-finding powers, we find the appellant's

---

1. It would be helpful if all replies and Addenda were dated; otherwise, it is virtually impossible to track the sequence of events with reasonable accuracy. It should be noted that an Addendum is not required unless *legal* errors have been raised in the defense reply to the Staff Judge Advocate's Recommendation. *See* R.C.M. 1105(b)(1) and 1106(f)(4) and *United States v. Evans,* 20 M.J. 504 (A.F.C.M.R.1985). The dividing line between "legal" errors and non-legal ones is, to say the least, often blurred. *See United States v. Moore,* 27 M.J. 656 (A.C.M.R. 1988).

guilty pleas provident, affirm all findings of guilty, and reassess the sentence. The approved sentence is a bad conduct discharge, confinement for four months, and forfeiture of $400.00 per month for four months. Reassessing on the basis of the entire record, we approve only so much of the sentence as extends to a bad conduct discharge, confinement for four months, and forfeiture of $300.00 per month for four months.

The findings of guilty and the sentence, as modified, are correct in fact and law and, upon consideration of the entire record, are

AFFIRMED.

Senior Judge LEWIS and Judge BLOMMERS concur.