**UNITED STATES, Appellee,**

v.

**Sergeant Anthony DORSEY, 258–94–4606, United States Army, Appellant.**

**ACMR 8900638.**

U.S. Army Court of Military Review.

31 Oct. 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Thomas A. Sieg, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Gary L. Hausken, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before DeFORD, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

Contrary to his pleas, the appellant was convicted by a military judge sitting as a special court-martial of wrongful use of cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. IV 1984). His approved sentence provides for a bad-conduct discharge, restriction for 60 days to the limits of his unit "as specified by your unit commander," and reduction to Private E1. Before this Court, the appellant argues that (1) the military judge should have sustained the appellant's challenges for cause; (2) the sentence to restriction to the "limits of your unit as specified by your unit commander" is illegal; and (3) the staff judge advocate should have served his addendum to the post-trial recommendation on the trial defense counsel because it contained "new matter."

## I. THE CHALLENGES

The appellant contends that military judge erred by denying the trial defense counsel's challenge for cause of all members of the panel. Knowing that the prosecution case relied on the results of a urinalysis, the trial defense counsel asked the court members whether they felt the appellant needed to explain why his urinalysis had tested positive for cocaine. All members responded in the affirmative. Then he asked the members whether they agreed with the statement, "[T]he only person that has anything to fear from participating in the Army urinalysis program is an individual who uses drugs." All but two members indicated that they agreed. In response to questioning by the trial counsel, the members responded that they understood their duty to follow the judge's instructions and to disregard personal feelings and indicated that they would be able to follow the judge's instructions and to ignore their personal feelings if the judge's instructions should conflict with their personal feelings. In response to questioning by the military judge, they further indicated that they understood the presumption of innocence, the prosecution's burden of proof, the accused's absolute right to remain silent and, more specifically, the prosecution's burden of proving that the urinalysis was conducted properly and that the accused had tested positive for the use of cocaine.

The defense counsel challenged a court member based on prior knowledge of the facts of the case and the challenge was granted. He then challenged each of the remaining members charging they were biased in favor of urinalysis results, but this challenge was denied. After exercising a peremptory challenge, the defense counsel obtained a short recess. He thereafter requested and the military judge granted a bench trial.

■ The appellee argues that the appellant waived any error on the challenges by requesting trial by judge alone. We hold that the appellant did not waive review of the denial of the challenges by his request for a bench trial.

Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 912(f)(4) [hereinafter R.C.M.] provides that the issue regarding a challenge for cause will be preserved if the member who was unsuccessfully challenged for cause is peremptorily challenged by the same party and the party states that it would have peremptorily challenged another member if the challenge for cause had been granted.

Although the trial defense counsel exercised a peremptory challenge in this case, he did not state that he would have used his challenge differently if his challenge of the entire panel had been granted. Instead, the appellant requested a bench trial.

An accused is entitled to a properly constituted panel, including enlisted members if he so requests. UCMJ, Article 25, 10 U.S.C. § 825. If he forgoes that right and requests a bench trial to avoid trial before an improperly constituted panel, he has not waived his objection to the panel membership. Prior to the adoption of the Rules for Courts–Martial, the Court of Military Appeals often looked to the trial defense counsel's use of the peremptory challenge to determine whether the panel was objectionable to the defense. *See United States v. Harris,* 13 M.J. 288 (C.M.A.1982) (no prejudice because no evidence that appellant would have otherwise used peremptory challenge); *United States v. Henderson,* 29 C.M.R. 372 (C.M.A.1960) (presumed no prejudice because defense counsel did not use peremptory challenge); *United States v. Shaffer,* 6 C.M.R. 75, 77 (C.M.A.1952) (defense counsel expressed no dissatisfaction with any member of the court which finally sat in judgment of accused).

█ Where, as in this case, the accused objects to all members of the panel, trial defense counsel cannot remove the objectionable members by peremptory challenge and is left with but one alternative: a bench trial. Accordingly, we hold that the trial defense counsel preserved the issue regarding challenges by clearly stating on the record that the accused's request for a bench trial was made to avoid trial by members who had been challenged for cause. *See United States v. Greene,* 43 C.M.R. 72, 79 (C.M.A.1970) (agreeing with Court of Military Review holding that "this accused's conviction cannot stand if he abandoned his right (and was tried by military judge alone) to avoid trial before an improperly selected panel").

█ We turn next to the question whether the military judge correctly denied the challenge for cause against all remaining members of the panel. We hold that the military judge did not err.

At the outset we note that a trial court may not receive a challenge to more than one member at a time. Article 41(a), UCMJ, 10 U.S.C. § 841(a). However, because this case involves a challenge of each and every remaining member of the court based on their individual responses to voir dire, we have treated the appellant's objection to the court members as individual challenges. *United States v. Montgomery,* 16 M.J. 516 (A.C.M.R.1983).

When reviewing a trial judge's ruling on a challenge for cause, the standard is whether the trial judge's failure to sustain the challenge is a clear abuse of discretion. *United States v. Reynolds,* 23 M.J. 292 (C.M.A.1987). Keeping in mind the mandate to liberally grant challenges for cause, we recognize that the threshold for finding a clear abuse of discretion may be lower for this issue than for others. *United States v. Moyar,* 24 M.J. 635 (A.C.M.R. 1987). Nevertheless, we also must recognize that artful or ambiguous voir dire may produce answers which appear to indicate bias but which do not reflect the true state of mind of the court member. In such cases, the military judge may and should inquire further. *United States v. Reynolds, supra; United States v. Smart,* 21 M.J. 15 (C.M.A.1985). In this case the challenged court members indicated confidence in the Army's urinalysis program, but, when questioned further by the military judge, they also indicated that they recognized the prosecution's burden of proof, including the requirement that the prosecution prove that the appellant's urinalysis test was properly conducted and that the appellant's specimen accurately tested positive. We are satisfied that the court members understood and accepted the prosecution's burden of proof with respect to the appellant's urinalysis test. Accordingly, we hold that the trial judge did not err in denying the challenges for cause.

## II. THE SENTENCE

The appellant next contends that the sentence to restriction to the "limits of your

unit as specified by your unit commander" is improper because it leaves the limits of the restriction to the discretion of the unit commander.

When restriction is imposed, the court should specify the limits of the restriction. R.C.M. 1003(b)(6), discussion. The first issue is whether the phrase "as specified by your unit commander" makes this sentence ambiguous or illegally delegates the duty to adjudge a sentence to the unit commander. We hold that it does not. The designation of unit boundaries is a function of command. Unit commanders, along with commanders of sister units and superior commanders, determine who will occupy and use facilities and areas in garrison and who will occupy, maneuver through, and be responsible for designated geographical areas in the field. It is the unit commander, not the military judge, who—for purposes other than discipline—specifies the limits of the unit. Therefore, the words, "as specified by your unit commander," are surplusage. They do not render the sentence ambiguous nor do they delegate sentencing authority to the unit commander since limits of units always are specified by commanders.

On the other hand, the term "unit" is more troublesome. For some limited purposes, it refers to a company or equivalent sized unit. See, e.g., Article 25(c)(2), UCMJ (defines "unit" as no larger than a company for the purpose of determining eligibility of enlisted members to serve on courts-martial). For most purposes, it can be a battalion, brigade, division, or military installation. See Joint Chiefs of Staff, Pub. 1, Department of Defense Dictionary of Military and Associated Terms (1 June 1987) (defines "unit" as any military element whose structure is prescribed by competent authority; describes both a division and brigade as a "unit"); Department of Army Regulation 310–25, Dictionary of United States Army Terms (15 October 1983) (defines both company and battalion as a "unit"). The record of trial provides no clue to the intent of the military judge who imposed the sentence, nor does it indicate what the appellant understood his sentence to be, or his understanding of the actual limits of the restriction. This ambiguity in the sentence could have been clarified by proceedings in revision, an option not available at this stage. R.C.M. 1102. However, a facially ambiguous sentence need not be set aside where it can be made certain. See United States v. Smith, 12 C.M.R. 92, 95 (C.M.A.1953) (where a sentence can be interpreted two ways, one legal and one illegal, the interpretation which supports its validity must be adopted). We will clarify the ambiguity in this case by affirming a restriction to the limits of Fort Eustis, Virginia, the largest "unit" which could have been contemplated by the military judge and the appellant.

## III. THE POST–TRIAL RECOMMENDATION

The appellant next contends that the staff judge advocate erred by raising new matter in his response to the trial defense counsel's post-trial submission without serving his response on the trial defense counsel. We disagree.

The issue in this case is whether the staff judge advocate injected "new matter" by mentioning waiver for the first time in his response to the trial defense counsel's R.C.M. 1105 submission.

The staff judge advocate is required to serve any addendum on the trial defense counsel for comment if he presents "new matter" to the convening authority. "New matter" includes discussion of issues not previously discussed by the staff judge advocate, but does not ordinarily include any discussion of the correctness of the initial defense comments on the recommendation. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1106(f)(7), discussion.

We have examined the comments of the trial defense counsel and the addendum of the staff judge advocate in response to those comments and find that the staff judge advocate did not inject a new issue in his addendum. In his initial recommendation, the staff judge advocate merely recommended that the convening authority approve the sentence as adjudged. He called

attention to the military judge's recommendation that the punitive discharge be suspended and stated that he disagreed with the recommendation. The trial defense counsel took issue with the staff judge advocate's recommendation and argued that the military judge erred by denying the challenges for cause, and in the alternative, urged the convening authority to suspend the bad-conduct discharge as recommended by the military judge. In his addendum the staff judge advocate discussed the military judge's ruling on the challenges and called the convening authority's attention to pertinent portions of the record containing the voir dire and the military judge's ruling. He went on to state that the appellant waived his right to challenge the military judge's ruling by requesting a bench trial. Although the waiver issue had not been previously discussed we hold that it does not constitute "new matter." When a trial defense counsel asserts that a defect existed in the trial, a staff judge advocate may respond by conceding the defect, disputing it, or asserting that it was waived or harmless. Accordingly, we hold that the staff judge advocate's advice to the convening authority in this case, in which he advised that the asserted error was waived, was within the types of responses to a defense assertion of error contemplated by the drafters of R.C.M. 1106 and as such was not "new matter." Accordingly, service of the addendum on the trial defense counsel was not required.

Although we hold that the staff judge advocate did not raise new matter in his addendum, his advice was erroneous in view of our holding that the defense counsel did not waive his challenges of the court members by requesting a bench trial. However, we need not remand this case for a new review and action, because it is clear that a correct recommendation would not have been more favorable to the appellant and would have had no effect on the convening authority's exercise of his discretion. *United States v. Hill*, 27 M.J. 293 (C.M.A.1988).

The findings of guilty are affirmed. On the basis of the errors noted and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, restriction to the limits of Fort Eustis, Virginia, for sixty days and reduction to Private E1.

Senior Judge DeFORD and Judge WERNER concur.