UNITED STATES

v.

**Senior Airman John W. RALBOVSKY, FR 246–39–7578, United States Air Force.**

**ACM 28154 (f rev).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 May 1989.

Decided 17 April 1991.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair, Lieutenant Colo-

nel Jeffrey R. Owens, and Captain Michael D. Burt.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Colonel Robert E. Giovagnoni; Major Paul H. Blackwell, Jr., and Major Morris D. Davis.

Before LEONARD, RIVES and JAMES, Appellate Military Judges.

### OPINION OF THE COURT

JAMES, Judge:

Convicted (contrary to his pleas) of an assault and an indecent assault, appellant was sentenced to be discharged from the service with a bad conduct discharge, to be confined for 9 months, to forfeit $250.00 pay per month for 9 months, and to be reduced to E-1. The convening authority approved the sentence as adjudged.

### I. Prior Review

On appeal Airman Ralbovsky briefed two errors: that the convictions are "against the manifest weight of the evidence" and that the staff judge advocate's recommendations "unfairly prejudiced appellant's right to have matters considered by the convening authority." He also invited our attention to the severity of the sentence and to the prosecution's inability to produce his performance evaluations in sentencing. We noticed on our prior review that the staff judge advocate included new information in his addenda to his recommendations, and the record did not show that they were served on the defense. Accordingly, we set aside the convening authority's action. *United States v. Ralbovsky*, ACM 28154, 1990 WL 172883, 25 October 1990. *See* R.C.M. 1106(f)(7). *See also*, *United States v. Hill*, 27 M.J. 293, 296 (C.M.A.1988). In the same decision we found that any error relating to the performance reports had been waived.

The addenda to the staff judge advocate's recommendations have now been served on appellant and his trial defense counsel, they have replied, and the replies have been conveyed to the convening authority in a new, third addendum. The convening authority approved the findings and sentence as adjudged.

### II. Post-Trial Procedure

Having had the opportunity to respond to new matter in the staff judge advocate's recommendations under R.C.M. 1106, defense counsel replied to several defects in the recommendations. He noted "the overall tone" of the recommendations, the inappropriateness of some remarks, and "distortions of the evidence." He also noted that the convening authority read the same recommendations before his first action. From those footholds, counsel argued that the convening authority should disqualify himself and transfer the case to a different convening authority for action. He didn't, and now appellate defense counsel assigns the issue as error. We find no error.

The idea that a convening authority might be disqualified from acting on the conviction and sentence in a court-martial he convened developed under the predecessor to the present Article 64, 10 U.S.C. § 864. The prior statute provided, ". . . the convening authority may approve only such findings of guilty . . . as he finds correct in law and fact. . . ." Uniform Code of Military Justice, 64 Stat. 107, 128 (1950). That required the convening authority to act like an appellate court and, like us, to assess facts and law impartially.

The Military Justice Act of 1983[1] removed that provision from the code and streamlined the post-trial procedure at the convening authority's level. The same report summarized the causes for the change:

> Under current law, the convening authority makes a legal review of the proceedings, which may involve extremely complicated appellate issues. Advice from the staff judge advocate is required. . . . Court decisions have significantly encumbered the staff judge advocate's review. As a result, it has become a complex document that consumes substantial judge advocate resources, often is too lengthy to be of use to the convening authority, and can constitute an indepen-

---

1. 97 Stat. 1393 (1983).

dent source of appellate litigation even when the underlying case is free of error.

H.R.Rep. No. 98–549, 98th Cong., 1st Sess., *reprinted in* 1983 U.S.Code Cong. & Admin.News 2177, 2180. *See generally United States v. Curry*, 28 M.J. 419 (C.M.A. 1989) (which quotes pertinent passages from the Senate Report at 421–22); *United States v. Due*, 21 M.J. 431 (C.M.A.1986).

The implementing provisions of the Manual for Courts–Martial were changed accordingly. The 1969 Manual dealt with disqualification at paragraph 84c:

> Similar action [transfer of the case to a different convening authority for action] would be appropriate if the person who normally would take action as the convening authority is disqualified, as when he has granted immunity to a witness for the prosecution....

The Rules for Courts–Martial omit treatment of disqualification. *See* the analysis accompanying R.C.M. 1107(a), "Who may take action," at MCM p. A21–74 (1984). The discussion accompanying R.C.M. 1107(a) preserves the idea of disqualification, but only for those instances in which the convening authority has an interest other than official or in which he was a member of the court-martial. This convening authority fit neither category.

The convening authority's prior role as a reviewer has been changed. *See generally, United States v. Hill*, 27 M.J. 293 (C.M.A.1988). The convening authority is no longer required to act in a quasi-judicial role, as though he had a magistrate's training and impartiality. *See generally, United States v. Blodgett*, 20 M.J. 756 (A.F.C.M.R.1985). A convening authority now has the power of command without the duties of a judge or the restrictions and obligations of a judge: He may reduce findings or a sentence for any reason or for no reason, as a matter of prerogative. Article 60(c)(1), UCMJ, 10 U.S.C. sec. 860(c)(1) (1988). If he wishes, he may give relief from errors, but he has no obligation to do

so. He therefore has no need to be acquainted with the rules that govern procedure and evidence at trial, *see* Mil.R.Evid. 1101(d): The proof testing is over before he sees the record. Accordingly, it is difficult to imagine circumstances under which a convening authority might be disqualified, other than those mentioned by the discussion that accompanies R.C.M. 1107(a).[2]

The present post-trial procedure does not leave the convening authority unaided. The fundamental value of the opportunity of the accused to submit matters and to examine the recommendations of the staff judge advocate is to assure that the convening authority has the benefit of the views of both parties. A defense counsel has a right under R.C.M. 1105 and 1106(f) and a duty under R.C.M. 502(d)(6) to bring to the convening authority's attention any misstatements of facts or law, to produce a comprehensive picture of the relevant facts, and to correct any faulty arguments or comments of the staff judge advocate. In discharging that duty, counsel may apply independent analysis and forensic skill just as counsel does at trial. Thus, we explained our earlier remand this way:

> R.C.M. 1106 gives us in the ordinary case no authority to review the wisdom, logic, and forensic elegance of a staff judge advocate's recommendations. It leaves that task to the defense, and it is for that reason that R.C.M. 1106(f) twice requires service of the recommendations on the defense.

Our prior decision gave appellant the benefit of that opportunity, and he and his counsel have taken full and proper advantage of it in a vigorous and detailed six-page reply by counsel with four further pages by appellant and his wife. The convening authority has been better served by the diversity of views brought to his attention. The adversary system has worked as it was intended to work. No better relief can be fashioned, and no other relief is warranted here.

---

**2.** Our synopsis of the history of the convening authority's present role has an important implication for counsel: Decisions based on the prior statute dealt with a different kind of convening authority, and they are rarely instructive in present cases.

## III. Post–Trial Delay

Appellant, now at liberty, complained to the convening authority that the prolonged post-trial administration has disadvantaged him, but he has not supported his claim in any way. *See generally, United States v. Dunbar*, 31 M.J. 70 (C.M.A.1990); *United States v. Clevidence*, 14 M.J. 17 (C.M.A. 1982). Unlike the most egregious cases seen on review, *some* of the delay in this case is understandable, attributable no doubt to the size of the record, and some is attributable to our prior remand. We do not condone the pace at which this case has moved at any post-trial stage, but neither do we find appellant to be entitled to any further relief because of it. His case has been heard on appeal. "He is entitled to nothing further." *Dunbar*, 31 M.J. at 76 (Cox, J., concurring).

## IV. Adequacy of Proof, Appropriateness of Sentence

It is now appropriate for us to address the adequacy of the proof and the propriety of the sentence, 10 U.S.C. sec. 866(c), Article 66(c), UCMJ.

The evidence at this trial produced 1,791 pages of transcript. Numerous witnesses appeared, many of them relatives and close friends of the family of the appellant. The bulk results in part from the prosecution's attempt to prove several allegations of which appellant was acquitted. It also thoroughly documents the events of this group of family and friends that led to the present conviction, with the diversity of views and recollections that is inherent in such a setting. The record is ample to support the present conviction. *See generally, United States v. Turner*, 25 M.J. 324 (C.M.A.1987).

We have examined the record, the convictions, and the sentence, giving due consideration to the characteristics of this offender and to the crimes of which he was convicted. *United States v. Healy*, 26 M.J. 394 (C.M.A.1988); *United States v. Wingart*, 27 M.J. 128 (1988); *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982); *United States v. Ciulla*, 29 M.J. 868 (A.F. C.M.R.1989). We are satisfied that the sentence is not inappropriate.

Appellate defense counsel accurately report that General Court–Martial Order No. 7, 25 January 1991, misstates the findings of the court-martial. We order that it be corrected and that the corrected order be substituted in the record. A copy of the corrected order shall be transmitted to the Commissioner of this Court within 30 days after the date of this decision.

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge LEONARD and Judge RIVES concur.