**UNITED STATES**

**v.**

**Senior Airman Timothy S. KOMOROUS, FR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, United States Air Force.**

**ACM S28514.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 20 March 1991.

Decided 22 Nov. 1991.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens and Captain Ursula P. Moul.

Appellate Counsel for the United States: Lieutenant Colonel Brenda J. Hollis, Major Paul H. Blackwell, Jr., and Captain David C. Wesley.

Before LEONARD, RIVES and JAMES, Appellate Military Judges.

OPINION OF THE COURT

JAMES, Judge:

Appellant was convicted of theft of long-distance telephone services.[1] He now assigns as error that the staff judge advocate did not serve upon him an addendum to the post-trial recommendations to the convening authority. We agree with appellant: the addendum contained new matters, and it should have been served. This error and another that we discuss below require us to set aside the convening authority's action as premature.

I. Post-Trial Procedure

The results of a court-martial are examined by the commander who convened the court-martial, and that commander has the responsibility for acting on the sentence, approving it as adjudged, reducing it, or disapproving it altogether. Article 60, UCMJ, 10 U.S.C. § 860 (1988); R.C.M. 1107. The accused may submit "matters for consideration" to the convening authority, typically asking clemency. Article 60(b), UCMJ, 10 U.S.C. § 860(b); R.C.M. 1105. The convening authority also has the help of recommendations from his staff judge advocate. Article 60(d), UCMJ, 10 U.S.C. § 860(d) (1988); R.C.M. 1106.

To assure the accuracy of the staff judge advocate's recommendations, the recommendations must be served on the accused for comment. Article 60(d), UCMJ, 10 U.S.C. § 860(d) (1988); R.C.M. 1106(f)(1). In most cases the accused submits his clemency matters and any reply to the recommendations in a single submission. The staff judge advocate may comment upon them in an addendum to his prior recommendations, but if "new matters" are introduced in the addendum, then the addendum must also be served upon the defense for comment. R.C.M. 1106(f)(7); *see generally* Effron, *Post-Trial Submissions to the Convening Authority Under the Military Justice Act of 1983*, The Army Lawyer 59 (July 1984). At issue here is what constitutes "new matters."

In this case, the staff judge advocate's recommendations were very brief. Appellant replied with a well prepared request for clemency in which he highlighted his cooperation with investigators. The staff judge advocate countered vigorously in his addendum. It showed the limits on and circumstances of appellant's cooperativeness, building to the staff judge advocate's conclusion that appellant's "cooperation was only given after he was 'found out' and then only to the extent that it would minimize his punishment."[2] The staff judge advocate did not serve the addendum on the defense for comment. Appellate defense counsel bring to our attention that—

> The comments throughout the addendum, paragraphs 3 and 4 in particular, about appellant's participation in the security police investigation and the facts surrounding his being placed on administrative hold address matters totally outside the record of trial.

We find that some of the staff judge advocate's facts are not previously stated in the record:

1. That appellant "gave up only as much information as the police already had,"

2. That one of the telephone calls was "for over 300 minutes,"[3]

1. Article 134, UCMJ, 10 U.S.C. § 934 (1988); Manual For Courts-Martial, United States, 1984, Pt. IV, para. 78. The military judge, sitting alone as a special court-martial, sentenced appellant to be discharged from the service with a bad-conduct discharge, to be confined for 75 days, to forfeit $427 pay per month for 2 months, and to be reduced to E-1. The convening authority approved the sentence as adjudged.

2. One wonders how significant this issue could have been. Appellant confessed, made restitution, joined a stipulation of facts, and pleaded guilty. The case was tried in a special court-martial. The sentence was not onerous. *How* cooperative appellant had been hardly seems to have been such a serious matter as to warrant all this litigation.

3. The charge sheet alleges that the calls totalled "about 478 minutes," and appellant so stipulated. A witness statement included with the police report, a copy of which was given to appellant, referred to one call that is said to have lasted 183 minutes. Nowhere do we find reference to a 300-minute call, even in the item-

3. That appellant "did not acknowledge those calls until he was confronted with the fact that the investigator called Ms B and she said Airman Komorus was the only person who ever called her from England,"

4. That appellant "did not admit making calls to his mother and grandmother,"[4]

5. That appellant "initially admitted only to about nine [of the over 27 calls]," and

6. That appellant "was a suspect and was placed on administrative hold" before he began to cooperate with investigators.[5]

## II. "New Matter"

"New matter" is not defined by the rule, but the accompanying discussion gives three examples:

1. New appellate decisions,
2. Matter from outside the record of trial, and
3. Issues not previously discussed.

R.C.M. 1106(f)(7) Discussion.[6] Of the three categories, the last two have caused the most appellate concern, and it has focused on "matter from outside the record," probably because staff judge advocates are easily lured into commenting on a defense submission, often by controverting its facts. That is a reasonable response for a staff judge advocate, but it requires a second service.

" 'New matter' does not ordinarily include any discussion ... of the correctness of the initial defense comments on the recommendation." R.C.M. 1106(f)(7) Discussion. The defense must anticipate that a staff judge advocate will comment on the defense submissions, and fair, accurate comment on legal and factual positions is permitted (so long as it does not include new appellate decisions).[7]

However, the distinction between commentary and statements of new facts can be very fine.[8] Revealing new facts, even in rebuttal of the story urged in a defense submission, involves "new matter."[9] The truth of the assertions first

ized list of calls to which the parties stipulated at trial.

4. Appellant wrote in his clemency petition that he had called his mother and grandmother. We take the staff judge advocate's remark, in its context, as referring to an admission to investigators.

5. The distinction between comment and facts is very fine. Appellate counsel would best serve their clients in such cases by quoting the statements or parts of statements which they contend are matters outside the record, as we have above. Appellee's counsel best respond to such an assignment by bringing our attention to the places in the record at which the facts stated in the addendum can be found. Though we have done so in this case, the Court is ill-disposed to comb addenda, comparing each particle of fact with the record.

6. A similar passage, on what the convening authority may consider, refers to "matters from outside the record, with knowledge of which the accused is not chargeable." R.C.M. 1107(b)(3)(B)(iii). It does not apply to addenda to the staff judge advocate's recommendations.

7. *See, e.g., United States v. Dorsey,* 29 M.J. 761 (A.C.M.R.1989) (not new matter to mention "waiver for the first time in his response to the trial defense counsel's R.C.M. 1105 submission"); *United States v. Clark,* 22 M.J. 708 (A.C.M.R.1986) ("when the matter in the addendum has its genesis in submissions by either an accused or his defense attorney, it does not amount to 'new matter' "); *United States v. Wixon,* 23 M.J. 570 (A.C.M.R.1986), *aff'd,* 25 M.J. 370 (C.M.A.1987).

8. *See, e.g., United States v. Thompson,* 25 M.J. 662 (A.F.C.M.R.1987) (change in place of confinement recommended was new matter); *United States v. Morton,* 14 M.J. 627 (A.F.C.M.R.1982), *on further review,* 15 M.J. 850 (A.F.C.M.R.1983), *pet. denied,* 16 M.J. 307 (C.M.A.1983) (addendum opined that "missing witness' testimony, in certain particulars, would have been unfavorable to the accused": held new matter); *United States v. Snoberger,* 26 M.J. 818 (A.C.M.R.1988), *pet. denied,* 29 M.J. 289 (C.M.A.1989) (comments on accused's amenability to psychiatric treatment and rehabilitation were "new matter" even though in reply to accused's position that treatment was more appropriate than confinement).

9. *See, e.g., United States v. Anderson,* 25 M.J. 342 (C.M.A.1987) ("... the staff judge advocate also noted for the first time that Anderson's misconduct 'gave rise to a 5 million dollar claim against the United States' "); *United States v. Haynes,* 28 M.J. 881 (A.F.C.M.R.1989), *pet. denied,* 29 M.J. 314 (C.M.A.1989) (addendum responded to the appellant's contention that he had other clemency materials to offer but could not place them before the convening authority

made in the addendum is not the issue. Even if it were, we would be in a poor position to evaluate it, and that is a job best handled by a party. *United States v. Ralbovsky,* 32 M.J. 921, 923 (A.F.C.M.R.1991). Thus, as to statements of fact at least, the rule is simple: If it hasn't been said before in the record, it must be served on the accused for comment.[10] Some of the staff judge advocate's remarks in the addendum in this case appeared for the first time in the addendum. The addendum should have been served upon the defense for comment. It wasn't, and that is error.[11]

This is not a new rule. *See generally United States v. Narine,* 14 M.J. 55 (C.M.A.1982). The "endless succession of defense challenges and staff judge advocate responses thereto" remains a bogeyman today as much as it was in *United States v. Meyers,* 1 M.J. 755, 756 (A.F.C.M.R.1975). Control remains, after the first volley, in the hands of the staff judge advocate who by craftsmanlike attentiveness can avert remands. We have warned in prior cases that the line that defines "new matter" is especially thin, and we have urged, "If there is any doubt whatsoever, the staff judge advocate should err on the side of caution...." *Haynes,* 28 M.J. at 882.

III. Remedy

There are two ways to correct such an error. We can set aside the action and remand the case for a new action, or we can attempt to correct the error ourselves.

The legislative intent favors corrective action here:

> If there is an objection to an error that is deemed to be prejudicial under Article 59 during appellate review, it is the Committee's intent that appropriate corrective action be taken by appellate authorities without returning the case for further action by a convening authority.

S.Rep. No. 98–53, 98th Cong., 1st sess. 21 (1983). The Executive intent is the same. R.C.M. 1106(d)(6).[12]

Some prior cases have been handled in that way. *See, e.g., Haynes,* 28 M.J. 881. Others have resulted in remands. *See, e.g., United States v. Spurlin,* 33 M.J. 443 (C.M.A.1991); *Heirs,* 29 M.J. 68; *Anderson,* 25 M.J. 342; *Thompson,* 25 M.J. 662; *cf. United States v. Hill,* 27 M.J. 293, 296 (C.M.A.1988) (remand usually appropriate when SJA does not respond to allega-

because of his incarceration); *Thompson,* 25 M.J. 662 (change in recommended place of confinement, rebuttal of the accused's comments that he continually sought help for his drug problem); *United States v. Holmes,* 33 M.J. 750 (A.C.M.R.1991) ("an item *inside* the record [evidence admitted for a limited purpose at trial] may be new matter."); *United States v. Dickerson,* 32 M.J. 1008 (A.C.M.R.1991) ("The assertion that drug enforcement agencies already had the information provided by the appellant, and the assertion that the appellant owed the additional amounts of $194.96 and $17.10 were new matter...."); *United States v. Heirs,* 29 M.J. 68 (C.M.A.1989) ("By referring to the statements made by Heirs during the providence inquiry, the addendum introduced new matter."); *United States v. Lohrman,* 26 M.J. 610 (A.C.M.R.1988) (waiver by failure to assert); *United States v. Torres,* 25 M.J. 555 (A.C.M.R.1987), *pet. denied,* 27 M.J. 466 (1988) (addendum addressed lack of cooperation by accused with police, but "[n]owhere in the record of trial or in the clemency petition was appellant's cooperation with the government's drug investigation discussed or even mentioned. This was 'new matter'...."); *United States v. Ricks,* 21 M.J. 569 (A.C.M.R.1985), *aff'd,* 25 M.J. 167 (C.M.A.1987) (summary disposition) (addendum included the results of a mental examination board which opined that appellant did not lack mental capacity: held new matter); *United States v. Nance,* 15 M.J. 588 (A.C.M.R.1983) (addendum stated, "The accused's involvement in the armed robbery as well as his subsequent AWOL weigh heavily against clemency": held new matter).

**10.** A staff judge advocate could insure against appellate risk in cases like this by citing in the addendum the places in the record at which the evidence may be found that supports each of the statements in the addendum.

**11.** We emphasize that a staff judge advocate need not "suffer an accused who seeks to gull" the convening authority "with misinformation, either directly or by implication," to borrow my Brother Kastl's remarks in *United States v. Privette,* 31 M.J. 791, 793 (A.F.C.M.R.1990). Further, we note that nothing we write limits the staff judge advocate to the record when he gives the other view. But if his addendum has "new matter," the requirement for service for comment is inviolate.

**12.** R.C.M. 1106(d)(6) refers to errors in "the recommendation." That term includes any addendum. *Thompson,* 25 M.J. at 665.

tions of legal error stated in addendum, but not always necessary). It is clear to us that we are not to take the legislative intent as the exclusive source of law on this subject. *See, e.g., United States v. De-Grocco,* 23 M.J. 146 (C.M.A.1987). Selecting the best disposition requires us to examine another defect in the record.

## IV. The Ubiquitous *"Craig* Error"

██ We have also noted that the record does not show that the convening authority reviewed the clemency matters submitted by the appellant and his counsel before he acted on the sentence. The convening authority has a statutory duty to consider these matters personally. Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2) (1988); *see also United States v. Davis,* 29 M.J. 1004 (A.F.C.M.R.1990), *aff'd,* 33 M.J. 13 (C.M.A.1991). We may not guess as to whether the clemency matters were considered. *United States v. Craig,* 28 M.J. 321 (C.M.A.1989).

██ A staff judge advocate's recommendation (including any addendum) should make it clear to the convening authority that he is required to consider matters submitted by an accused under R.C.M. 1105(b) or R.C.M. 1106(f)(4). *United States v. Pelletier,* 31 M.J. 501 (A.F.C.M.R.1990); *United States v. Foy,* 30 M.J. 664 (A.F.C.M.R.1990); *cf. United States v. Wilson,* 33 M.J. 512 (A.F.C.M.R.1991).

██ The addendum to the staff judge advocate's recommendation referred to appellant's submissions but did not indicate whether submissions were included with the addendum. Though the addendum told the convening authority that he "should read and consider" them, it did not inform him that he was required to do so. The clemency matters were not inventoried as attachments to the recommendations or to the addendum, and they bore no marks suggesting that the convening authority ever saw them. These are not magic boilerplate, and their absence alone is not error, *Wilson,* 33 M.J. at 513 n. 4, but their absence prevents us from relying on the inference that we described in *United States v. Godreau,* 31 M.J. 809 (A.F.C.M.R.1990) (en banc), *pet. denied,* 33 M.J. 178 (C.M.A.1991).

██ We would ordinarily order the government to show cause why the action should not be set aside as premature. In most such cases, the government has been able to supplement the record with appropriate post-trial affidavits from which we can be sure that the convening authority considered the clemency matters. *See United States v. Youngren,* 28 M.J. 255 (C.M.A.1989) (summary disposition); *Godreau,* 31 M.J. 809; *United States v. Kabelka,* 30 M.J. 1136 (A.F.C.M.R.1990); *United States v. Blanch,* 29 M.J. 672 (A.F.C.M.R.1989). However, such an interlocutory measure is inappropriate and wasteful when other defects also need correction.

██ With a second error affecting the convening authority's review of this case, we find the better course is to remand the case for thorough rehabilitation instead of trying to repair it with appellate Band-Aids. The action of the convening authority is set aside as premature, and the convening authority must withdraw it. R.C.M. 1107(g). Thereafter the addendum to the staff judge advocate's recommendations must be served upon the defense for comment before the convening authority may act anew. R.C.M. 1106(f)(7). The record will be returned to The Judge Advocate General for such further proceedings as he may direct.

Senior Judge LEONARD and Judge RIVES concur.